586 A.2d 1380

**COMMONWEALTH of Pennsylvania**

v.

**Michael RIZZI, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1990.

Filed Feb. 22, 1991.

Robert M. Rosenblum, Matamoras, for appellant.

Charles F. Lieberman, Dist. Atty., Milford, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, Mc EWEN, OLSZEWSKI, DEL SOLE, BECK and TAMILIA, JJ.

OPINION PER CURIAM:

This is an appeal from the judgment of sentence entered following appellant's convictions, by a jury, of two counts each of possession with intent to deliver cocaine,[1] and possession of cocaine.[2] The convictions arose out of two incidents. During each incident, appellant sold approximately one-half gram of cocaine to an informant.

Appellant now claims the trial court abused its discretion when it denied appellant's demurrer to the Commonwealth's evidence because (a) the Commonwealth's evidence was insufficient to go to the jury; and (b) the court should not have allowed the case to be reopened to permit the Commonwealth to supplement its evidence. Secondly, appellant asserts the trial court erred in denying appellant's motion for a mistrial because evidence which implied appellant was involved in uncharged criminal conduct was admitted at trial. Thirdly, appellant claims the court erred in several respects in its charge to the jury. Finally, appellant claims the court abused its discretion in fashioning his sentence. While appellant's allegations of trial error must fail, his sentencing claim has merit, and we therefore vacate the judgment of sentence and remand for resentencing.

The controlled buys which led to appellant's conviction occurred on June 10, 1987 and August 29, 1987. The informant, Leonard Lombardo, who purchased cocaine from appellant, was cooperating with the government to obtain leniency on drug charges then pending against him. Lombardo entered the service station owned and operated by appellant on both occasions to make the purchases. On both June 10, 1987 and August 29, 1987, the police officers conducting the investigation searched Lombardo for drugs and money before and after he went to appellant's business. After each controlled buy, Lombardo had a packet of cocaine that he did not have before leaving the police. Also, on both occasions, Lombardo had $50 less after the purchase than he did before the purchase.

1.  35 Pa.C.S.A. § 780–113(a)(30).
2.  *Id.,* § 780–113(a)(16).

■ Appellant first claims the above evidence was insufficient to go to the jury. In support of this claim, appellant alleges the police did not conduct a thorough enough search of Lombardo's car and body to support the inference that Lombardo got the drugs from appellant and that he did not have the drugs before entering appellant's service station. We find this claim to be completely without merit. Whether to believe Lombardo's testimony was an issue of credibility. Because there was enough evidence presented from which the jury could conclude the crime was committed, the judge did not err in refusing to grant a demurrer on this ground. *Commonwealth v. Trudell [ & Verdon],* 371 Pa.Super. 353, 365, 538 A.2d 53, 59 (1988) (as long as there was sufficient evidence for the jury to rationally reach a verdict, the court did not err in allowing case to go to jury), *alloc. denied, Commonwealth v. [Trudell & ] Verdon,* 519 Pa. 665, 548 A.2d 255 (1988).

■ Appellant also claims his demurrer should have been granted because the judge erred in reopening the case so the Commonwealth could introduce the two packets of cocaine Lombardo purchased from appellant. Reopening the case is appropriate to avoid a miscarriage of justice. *Commonwealth v. Irving,* 485 Pa. 596, 603, 403 A.2d 549, 552 (1979), *cert. den'd,* 444 U.S. 1020, 100 S.Ct. 676, 62 L.Ed.2d 651 (1980); *Commonwealth v. Mathis,* 317 Pa.Super. 226, 463 A.2d 1167 (1983) (permissible for judge to reopen case in order to allow Commonwealth to prove value of stolen goods when value was an element of the crime). In this case, if the court had not reopened the case, it may have been impossible for the Commonwealth to prove appellant sold two one-half gram packets of cocaine. Indeed, appellant's argument that a demurrer would have been appropriate envisions the Commonwealth would not have been able to prove its case without the evidence at issue. Reopening of the case was appropriate to avoid a miscarriage of justice.

■ Appellant next contends the court wrongly refused to grant his motion for a mistrial which followed the admis-

sion of certain allegedly prejudicial testimony. Lombardo testified he had made three purchases from appellant. Appellant claims this reference to a third, uncharged, transaction was grounds for a mistrial. Upon further questioning, however, Lombardo testified the third buy was not illegal, and that appellant was not charged with any crime as a result of the third transaction. Lombardo's statement, when read in light of the subsequent explanation, was not grounds for a mistrial.

In addition, appellant claims the court erred in its charge to the jury. His primary contention concerns the court's failure to give a corrupt source instruction. A corrupt source instruction is only required when the witness is the accomplice of the defendant. *Commonwealth v. Watts*, 348 Pa.Super. 224, 228, 501 A.2d 1152, 1154 (1985). Appellant alleges Lombardo was his accomplice. Lombardo bought drugs from appellant in a controlled drug transaction as an agent of law enforcement authorities. He had no intention of keeping the drugs and, therefore, he had no criminal intent. Under these circumstances we cannot label Lombardo an accomplice for purposes of the corrupt source charge. Consequently, the court did not err in refusing to provide the requested jury instruction.[3]

Appellant's remaining claims address alleged errors in sentencing. As with all appeals involving discretionary aspects of sentencing, we must determine whether appellant has met the procedural requirements of Pa.R.A.P. 2119(f), and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Appellant has provided a statement of

**3.** While we hold here that Lombardo was not appellant's accomplice because of the nature of the transactions at issue, we express no opinion regarding the question of whether the buyer in an uncontrolled drug purchase is the accomplice of the seller for these purposes. *Cf. Commonwealth v. Monku*, 61 Luz.L.Reg. 213 (1971) (buyer of drugs is not seller's accomplice).

In support of the remainder of appellant's allegations of errors in the jury instruction, appellant simply asserts the language he proposed was better than the language actually used by the court. The claims are made in an off hand manner with no supporting argument. We find the judge's instructions to be adequate, and we reject appellant's frivolous challenges to the charge.

reasons relied upon for allowance of appeal. In that extensive Rule 2119(f) statement, appellant claims the sentencing judge erred in refusing to apply the guidelines which had been found unconstitutional between the commission of the crime and the imposition of sentence. In addition, appellant claims the court did not consider the rehabilitative needs of the defendant, and instead focused solely on the seriousness of the crime. Appellant also claims the court erred in failing to explain its deviation from the guideline ranges. These claims raise a substantial question that the sentencing scheme as a whole has been compromised. *See Commonwealth v. Thomas*, 370 Pa.Super. 544, 537 A.2d 9 (1988) (Rule 2119(f) statement raised substantial question when it contained allegation that sentencing court did not adequately explain its reason for the sentence); *Commonwealth v. Burdge*, 386 Pa.Super. 194, 562 A.2d 864 (1989) (claim that sentence exceeded guideline range that was not in effect raised a substantial question).

█ When we review appeals involving sentencing, we must abide by 42 Pa.C.S. § 9781, **Appellate review of sentence**, which provides in relevant part:

(d) **Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

We will not disturb the sentence imposed by the trial court absent a manifest abuse of discretion. *Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760, *alloc. denied*, 514 Pa. 624, 522 A.2d 49 (1987).

In support of the sentence the judge made only the following statement on the record:

You have a young family. You have a clean record. On the other hand, I have had the benefit of a presentence investigative report, and the jury has found you guilty of both counts here, and I do have the unpleasant duty of sentencing you. I have to regard this as a very serious offense. The problem that's been spreading through our community and our country generally. We do have to recognize this as a most serious offense, and I think if I were to do anything but impose a substantial period of incarceration I would certainly not be doing my duty.

(N.T., 8/10/89, p. 19.) Appellant was then sentenced to a total of three to six years imprisonment for two counts of possession with intent to deliver. The judge imposed a twelve (12) to twenty-four (24) month sentence on the first of the two counts, and he imposed a consecutive twenty-four (24) to forty-eight (48) month sentence for the second possession with intent to deliver count, which the judge considered to be a second offense.

In *Burdge, supra*, while recognizing that a sentence double what would have been recommended by the prior and pending sentencing guidelines would present a substantial question permitting a challenge to the discretionary aspects of the sentence, 42 Pa.C.S. § 9781(b), this Court went on to affirm the sentence based on review of the sentencing code as a whole. This case is in the same posture as *Burdge*. The court reviewed the charges and imposed two sentences consecutively, well within the permissible sentencing range. The court had before it a presentence report which it examined. However, the court did not establish any chronic patterns of criminality or any basis for prolonged incarceration from that record. *See* notes of testimony in support of sentence, *supra*.

At the outset, we make it clear that we consider it unnecessary to implicate the application of prior record scores to the convictions involved here, pursuant to *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 503 A.2d 435 (1986). Since neither prior nor pending guidelines were in

effect at the time of the present sentencing, the trial court was free to apply the guidelines or ignore them while remaining within the parameters of the sentencing code. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), instructs us that where a presentence report exists, it will be presumed the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations, along with mitigating factors. When the sentencing court has been informed by such a presentence report, its sentence should not be disturbed, particularly where it can be shown the judge had any degree of awareness of the sentencing considerations. Mindful of the heavy impact of *Devers*, we are constrained to find the trial court may not be reversed lightly when it has reviewed and considered a presentence report. We do not believe, however, mere reference to a presentence report, without evidence of record that it supports the sentence, will fulfill the requirements of *Devers*. In this case, aside from reference to the seriousness of the crime, the court has failed to establish the necessity for a total sentence of 36 to 72 months incarceration. If the guidelines had been applicable, the first sentence would have been within the standard range of both prior and proposed guidelines while the second sentence would have been beyond the aggravated range for both.

In imposing a sentence, the judge must comply with the dictates of 42 Pa.C.S. § 9721 which provides in relevant part as follows:

(b) **General standards.**— ... the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.... The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing.... In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall

make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

We have reviewed the entire presentence report. According to the report, appellant was 29 years old. He graduated from high school as an above average student. Appellant was skilled as an auto mechanic and at welding, sheet metal fabrication, mechanical drawing, and excavating. Appellant was an occasional marijuana user and a social drinker. In January, 1989, when the report was prepared, appellant had a four-year old child, and appellant's wife was in her third trimester of pregnancy with their second child. The report also discloses appellant owned and operated an auto repair shop for the past eight years, where he was earning $28,000 per year; that he and his wife recently bought a house for which the mortgage was $628 per month, and that his wife was employed as a sales assistant for which she was paid approximately $250 per week. In addition, the report indicates appellant showed no remorse for his actions and refused to help in an ongoing investigation by the State Police of drug dealers in the area.

At the sentencing hearing, appellant testified at length about a serious injury he had sustained to his eye between the time of trial and sentencing. He described his difficult treatment regimen, which was required lest he lose sight in his eye. Appellant's counsel pointed to the many letters received by the sentencing court attesting to appellant's good character. The prosecutor acknowledged there were few if any aggravating factors, but asked for the maximum penalty under the law.

Upon our review of the presentence report and the sentencing record, even absent applicable guidelines, we must conclude the sentencing judge committed a manifest abuse of discretion in sentencing appellant to three to six years imprisonment for two sales of one-half gram of cocaine. The judge did not point to sufficient evidence in the record to support such a severe sentence. While not denigrating

the seriousness of the offense of selling cocaine,[4] we must require that the sentencing court consider more than the gravity of the offense. Now that new sentencing guidelines are in effect, the trial court has a ready instrument to structure a sentence which will balance the need of society to punish such offenses and to assure a sentence which will not result in excessive harshness to the individual.

Judgment of sentence is vacated and case remanded for resentencing consistent with this Opinion.

Dissenting Opinion filed by CAVANAUGH, J., in which CIRILLO, President Judge, and ROWLEY and WIEAND, JJ., join.

Dissenting Statement filed by CIRILLO, President Judge.

CAVANAUGH, Judge, dissenting:

I respectfully dissent and would affirm the judgment of sentence. I do not agree with the majority's statement at slip opinion, page 1385, as follows:

We do not believe, however, mere reference to a pre-sentence report, without evidence of record that it supports the sentence, will fulfill the requirement of *Devers.*

I believe this statement is at odds with our Supreme Court's decision in *Commonwealth v. Devers,* 519 Pa. 88, 101–102, 546 A.2d 12, 18, (1988), in which it was stated:

*Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.* In order to dispel

---

**4.** Some circumstances make the crime of selling cocaine particularly condemnable and justify a more severe sentence. These circumstances include selling to a minor, enlisting many people to sell the drug, selling exceptionally pure cocaine, or obtaining substantial income from the activity. *See* 204 Pa.Code. § 303.3(b), *reprinted at* 42 Pa.C.S. § 9721. The sentencing judge pointed to no such circumstances and we uncovered none in our review of the record.

any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. *Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.* (Emphasis added.)

In the instant case, the court below did not merely "refer" to the sentencing report but expressly stated "I have had the benefit of a pre-sentence investigative report." The report, according to our Supreme Court, constitutes the record and speaks for itself. The report stated "the defendant has not cooperated with on-going state police investigations despite an initial offering to do so." The court below also noted that the appellant showed no remorse for his conduct. Appellant was involved not merely in the possession of cocaine but in its sale on two separate occasions. The sentencing court considered the seriousness of the offenses and other factors involving the appellant.

Furthermore, I would disagree with much of what the majority argues in support of a more lenient sentence in this case, i.e., the appellant's skill as an auto mechanic and his experience at welding, sheet metal fabrication, and mechanical drawing, as well as his owning and operating an automobile repair shop for eight years where he had substantial earnings. To the contrary, I believe that using the cover of a legitimate business enterprise in order to deal illicit drugs and thereby attempting to escape law enforcement scrutiny are reasons to call for a more serious sentence than one who openly engages in the sale of drugs on the street.

In my opinion, the sentencing court's discretion should not be disturbed and I would affirm the judgment of sentence.

CIRILLO, President Judge, and ROWLEY and WIEAND, JJ., join.

CIRILLO, President Judge, dissenting:

I join Judge Cavanaugh's dissenting opinion which would, pursuant to *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), affirm Michael Rizzi's judgment of sentence. I write separately, however, because I cannot agree with the portion of the dissent which states that "using the cover of a legitimate business enterprise in order to deal illicit drugs and thereby attempting to escape law enforcement scrutiny are reasons to call for a more serious sentence than one who openly engages in the sale of drugs on the street." Selling illicit drugs, whether on the street or behind a counter, is a horrific act with harmful and, far too often, fatal consequences. For this court to assign a greater degree of seriousness to the selling of drugs under the guise of a legitimate business than it does to the open and notorious selling of drugs on the street is ludicrous. In my opinion, they are equally reprehensible.