604 A.2d 1098

**COMMONWEALTH of Pennsylvania**

v.

**Edward Joseph BAUER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 1991.

Filed March 19, 1992.

222

James G. Stock, Asst. Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

Appellant, Edward Joseph Bauer, entered a plea of guilty to nine counts of delivery of controlled substances, and two counts of criminal conspiracy. These charges arose from a number of transactions which occurred between October, 1986 and April, 1987, in which Mr. Bauer sold marijuana, LSD, and then cocaine to an undercover police officer. Appellant was sentenced to consecutive sentences on all the charges, for a total minimum of 27½ years and a maximum of 55 years incarceration.

He first claims on appeal that his guilty plea was unknowing and involuntary because he did not know at the time of the colloquy what the total punishment would be if the individual sentences on each crime were imposed consecutively. He further claims that counsel was ineffective for failing to object to the inadequate colloquy which caused

the unknowing plea; or, alternatively, that counsel was ineffective for failing to move to withdraw the plea prior to sentencing.

■ The question of whether a guilty plea is knowing and voluntary when a defendant pleads guilty to a number of charges, and is not informed that the sentences may be imposed consecutively has been recently addressed by a panel of this court in *Commonwealth v. Braxton*, 410 Pa.Super. 391, 600 A.2d 198 (1991). Therefore, in accordance with that opinion we find no merit to this claim and no ineffectiveness.

Next Appellant claims that the police activity was so outrageous that it violated Mr. Bauer's due process rights and counsel was ineffective for failing to argue and preserve this issue. In particular, the conduct complained of includes taking advantage of Appellant, who was addicted to drugs, in permitting him to retain some of the drugs in payment, and accumulating the criminal charges against him by multiple transactions with the undercover agent.

■ A plea of guilty constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, legality of the sentence, the validity of the plea, or errors in the record or of the clerk, or the correction of a fraudulently procured sentence. *Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987), alloc. denied 522 Pa. 572, 559 A.2d 34 (1989). A challenge to police procedure as violating due process does not fall under any of these exceptional defects or defenses and may not be raised after the entry of a guilty plea. Because this underlying claim was waived by the guilty plea, Appellant's derivative claim of ineffective assistance must necessarily fail. *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315 (1988).

■ Moreover, even if it were not waived, it lacks merit. In *Commonwealth v. Delligatti*, 371 Pa.Super. 315, 538 A.2d 34 (1988), a similar case in which there were multiple drug transactions, and the defendant was permitted to retain a portion of the drugs in payment, we held that such

police conduct did not constitute outrageous behavior or over-involvement in the criminal enterprise. We also held that the police were not required to arrest Appellant after the first transaction if the arrest would jeopardize the entire investigation.

Appellant argues that the record fails to establish that the police deferred arresting Mr. Bauer due to overriding concerns such as the safety of the informant or the protection of the investigation. However, at the plea proceeding, when the Commonwealth attempted to explain the scenario behind the investigation, Appellant objected on the basis that it was irrelevant to the guilty plea colloquy. At sentencing, the Commonwealth again attempted to show that the police continued to have transactions with Appellant, and thus amass charges against him, because in their belief he might give them access to a motorcycle gang which was trafficking in LSD. However, defense counsel objected to the admission of this information. Appellant's counsel had a reasonable basis for keeping out information concerning Appellant's involvement with a drug trafficking ring, and therefore the details of the investigation were not explored. We therefore hold that the police conduct which involved multiple transactions and partial payment in drugs did not constitute outrageous behavior violating Appellant's due process rights.

Finally, Appellant claims that the sentencing court abused its discretion in sentencing him to an aggregate sentence of 27½ to 55 years incarceration. Where a plea agreement is an open one as opposed to one for a negotiated sentence, the defendant may challenge the propriety of a sentence. *Coles, supra,* 365 Pa.Superior Ct. at 570, 530 A.2d 457. Furthermore, we hold that when the imposition of sentences consecutively results in the imposition of a minimum incarceration of nearly 30 years, and when Appellant claims that the court did not consider the rehabilitative needs of the defendant, and instead focused solely on the seriousness of the crime, Appellant has raised a substantial question for consideration by this court. *Commonwealth*

*v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985); *Commonwealth v. Rizzi*, 402 Pa.Super. 335, 586 A.2d 1380 (1991) (*en banc*).

When we review appeals involving the discretionary aspects of sentencing, we must abide by 42 Pa.C.S. § 9781, *Appellate review of sentence*, which provides in relevant part:

(d) *Review of record.* In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

Although none of the individual sentences imposed here is in excess of the statutory maximum, we find the cumulative sentence to be so manifestly excessive so as to constitute an abuse of discretion, *Parrish, supra; Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760 (1986) alloc. denied, 514 Pa. at 624, 522 A.2d 49 (1987). Our Supreme Court has stated that Pennsylvania's procedure of indeterminate sentencing carries with it an implicit adoption of the philosophy of individual sentencing. Therefore, the particular circumstances of the offense, and the rehabilitative needs of the defendant must be considered. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). A trial court may not base its sentence upon the seriousness of the crime alone. *Id., Parrish, supra*, 340 Pa.Superior Ct. at 534, 490 A.2d 908.

In this regard, in *Commonwealth v. Rizzi, supra*, we reversed a sentence of three to six years imprisonment for two counts of possession with intent to deliver. The court stated, when sentencing the defendant, Rizzi:

You have a young family. You have a clean record. On the other hand, I have had the benefit of a presentence investigative report, and the jury has found you guilty of both counts here, and I do have the unpleasant duty of sentencing you. I have to regard this as a very serious

offense. The problem that's been spreading through our community and our country generally. We do have to recognize this as a most serious offense, and I think if I were to do anything but impose a substantial period of incarceration I would certainly not be doing my duty. *Rizzi, supra,* 402 Pa.Superior Ct. at 342, 586 A.2d at 1384.

Although, we were mindful of the heavy impact of *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988), we held that the trial court unduly emphasized the seriousness of the crime and disregarded the other factors enunciated in 42 Pa.C.S. § 9721, among which were the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

In the instant case, it appears that the reason for the large number of controlled buys from Appellant by the undercover police officer, and the extended period in which they took place, was due to the police attempts to infiltrate the organization supplying Appellant. All the sales were to the one undercover officer, and there was evidence that Appellant was himself heavily addicted and was selling to support his habit. Prior to imposing sentence, the sentencing judge gave his reasons for imposing 27½ to 55 years imprisonment. He stated:

THE COURT: Well, Mr. Bauer, in my opinion, the sale of drugs is the worst crime that we have. I don't think I'm alone in that opinion. I read in the papers frequently where some do-gooders want to legalize drugs and things like that. I think, frankly, they're all whacko. However, they're entitled to their opinion. When you sell drugs, you don't know what's going to happen to those drugs. You obviously didn't know Officer Salerno was a City Detective or you wouldn't be selling drugs to her. You didn't know what the heck she was going to do with those drugs. She could be giving them to kids, mine or anybody's. You had no idea what she was going to do with them selling them to somebody else.

There are many cases here, Mr. Bauer. I would call you a major drug dealer. Even as Mr. Raiford [defense

attorney] has said, even small drug dealers, why, I consider just as guilty as the drug lords ... (N.T. at 12–13, June 5, 1990).

This statement, even more clearly than in *Rizzi*, evidences the court's undue emphasis on the seriousness of the crime to the extent of disregarding all other factors. The sentencing court did not consider or weigh the effect of a cumulative minimum sentence of nearly thirty years, or the rehabilitation needs of a man 43 years of age, nor does this statement evidence any consideration for the circumstances surrounding the crime, and instead speculates on facts not of record, such as if the buyer were not a police officer, she might have resold the drugs to children.

While not denigrating the seriousness of the offense of selling drugs, we must require that the sentencing court consider more than the gravity of the offense. On remand the court should balance the need of society to punish such offenses and the need to assure a sentence which does not result in such excessive harshness. *Rizzi, supra*, 402 Pa.Superior Ct. at 344–345, 586 A.2d at 1385–86.

Judgment of sentence is vacated and case remanded for resentencing consistent with this opinion.

OLSZEWSKI, J., files a concurring and dissenting opinion.

OLSZEWSKI, Judge, concurring and dissenting.

I enthusiastically endorse and agree with our learned colleagues on the first and second issues presented. With regard to appellant's third issue, however, I respectfully disagree and find that it does not constitute a substantial question for our review.

In accordance with the dictates of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), an appellant who submits an appeal from the discretionary aspects of his sentence must provide a concise prefatory statement of reasons for allowance of appeal which demonstrates a *substantial question* that the sentence imposed was not appro-

priate under the sentencing code. The majority states the following:

> Furthermore we hold that when the imposition of sentences consecutively results in the imposition of a minimum incarceration of 30 years, and when appellant claims that the court *did not consider the rehabilitative needs of the defendant, and focused solely on the seriousness of the crime,* appellant has raised a substantial question for consideration by this court.

At 225, 604 A.2d at 1101, (emphasis added). There exists conflicting case law as to whether this issue presents a substantial question for review.

The majority cites *Commonwealth v. Parrish,* 340 Pa.Super. 528, 490 A.2d 905 (1985) and *Commonwealth v. Rizzi,* 402 Pa.Super. 335, 586 A.2d 1380 (1991) *(en banc),* as authority for this proposition. In *Parrish,* appellant argued to this court that her sentence was excessive in that it violated or exceeded the sentencing guidelines. *Parrish,* 340 Pa.Super. at 530, 490 A.2d at 906. This court addressed the merits of appellant's assertion but failed to analyze or rule on the existence or nonexistence of a substantial question for review. This court held that the guidelines were misapplied, thus resulting in an excessively harsh sentence. *Id.* In so holding, this court indicated that a trial court cannot base its sentence upon the seriousness of the crime alone. *Parrish,* 340 Pa.Super. at 533, 490 A.2d at 908. The present case, however, is distinguishable from *Parrish* since appellant does not contend that his sentence violated the guidelines.

In *Rizzi,* appellant maintained that the sentencing judge erred in three instances: (1) by refusing to apply guidelines which had been found unconstitutional between the time of the commission of the crime and the imposition of sentence; (2) *by not focusing on the rehabilitative needs of the defendant, and instead focusing solely on the seriousness of the crime;* and (3) by failing to explain a deviation from the guideline ranges. *Rizzi,* 402 Pa.Super. at 341, 586 A.2d at 1383 (emphasis added). In its *en banc* decision, this

court found that these claims presented a substantial question that the sentencing scheme as a whole had been compromised. *Id.* The case law supporting this statement, however, held that a substantial question exists where appellant claims that the trial judge rendered an inadequate statement of reasons for sentencing. *Commonwealth v. Thomas*, 370 Pa.Super. 544, 550, 537 A.2d 9, 12 (1988).

Moreover, the majority's conclusion that a substantial question has been presented is at odds with this court's decision in *Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949 (1990), where appellant argued on appeal that he was improperly sentenced to a manifestly excessive sentence because the trial court failed to consider his rehabilitative needs. In *Mobley*, this court held that there was no substantial question presented since the weight accorded to various sentencing factors does not raise a substantial question absent extraordinary circumstances. *Mobley*, 399 Pa.Superior Ct. at 115, 581 A.2d at 952. Accordingly, the merits of appellant's allegation were not addressed.

The majority's finding of a substantial question is in conflict with *Mobley*. Since I find that no substantial question exists, I would deny appellant's petition for allowance of appeal and would not address the merits on appellant's third issue. Therefore, I would affirm the judgment of sentence.