J-S48039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUNIUS P. LEISURE, | |
| Appellant | No. 302 MDA 2014 |

Appeal from the Judgment of Sentence January 15, 2014
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-SA-0000320-2013

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 26, 2014**

Appellant, Junius P. Leisure, appeals from the judgment of sentence imposed following his guilty plea to violation of driving while operating privilege is suspended or revoked (DUS), 75 Pa.C.S.A. § 1543(a).[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Subsection 1543(a) provides:

> **(a) Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a).

Specifically, Appellant challenges the discretionary aspects of his sentence. We affirm.

Previously, Appellant had pleaded guilty to DUS before a magisterial district judge. He received a sentence of sixty days' incarceration and a fine of $1,000, plus costs. Appellant filed a summary appeal and on January 15, 2014, the trial court accepted his guilty plea to violation of driving under suspension. This was Appellant's ninth conviction of the same offense. Consequently, Appellant was subject to a fine of not less than $1,000 and a term of imprisonment of not less than 30 days but not more than six months. *See* 75 Pa.C.S.A. § 6503(a.1).[2] The trial court sentenced Appellant to a term of incarceration of not less than sixty days nor more than six months. The court deferred execution of sentence at Appellant's request to give him time to obtain prescriptions for his medication, and to attend to other business.

_____

[2] Sub-section 6503(a.1) provides:

> **(a.1) Certain repeat offenses.**—A person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months.

75 Pa.C.S.A. § 6503(a.1).

On February 12, 2014, Appellant filed a motion for reconsideration of sentence, and on February 14, a timely notice of appeal.[3]

Appellant raises one question for our review on appeal:

Did the trial court abuse its discretion in imposing a minimum sixty-day sentence for driving under suspension, which sentence was clearly unreasonable under the circumstances of the case?

(Appellant's Brief, at 4).

Appellant argues that the minimum sentence of sixty days' incarceration was unreasonable, because he gave a ride to a friend, (or fellow employee),[4] who was stranded; he has numerous physical and mental disabilities; and is a source of care for a seriously disabled adult child. (*See* Appellant's Brief, at 7). We disagree.

Appellant's issue challenges the discretionary aspects of his sentence. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Austin*, 66 A.3d 798, 807–08 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citation omitted).

_____

[3] The trial court did not rule on the motion to reconsider. Appellant filed a timely statement of errors on March 12, 2014, and the trial court filed an Opinion Sur Appeal on April 11, 2014. *See* Pa.R.A.P. 1925(a), (b).

[4] (*See* Trial Court Opinion, 4/11/14, at 3 n.2) (noting that Appellant claimed he was unemployed due to disability, while his counsel explained that the incident occurred because his client was with his boss and a colleague and Appellant volunteered to give his colleague a ride home).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, **see** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 808 (citation omitted).

Here, Appellant filed a timely notice of appeal, and preserved his claim that his sentence of confinement is excessive in the trial court. (**See** Motion to Reconsider, 2/12/14, at unnumbered page 2, ¶ 6). He has also included in his appellate brief a separate Rule 2119(f) statement. (**See** Appellant's Brief, at 8-9). Therefore, we proceed to determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code. **See Austin**, **supra** at 808.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citations and quotation marks omitted).

Here, Appellant, in his Rule 2119(f) statement, first claims that the trial court imposed a sentence of confinement "so manifestly excessive as to constitute an abuse of discretion[,]" (Appellant's Brief, at 9) (referencing 42

Pa.C.S.A. § 9781(c)(2)) ("the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]"). (Appellant's Brief, at 9). "[A] generic claim that a sentence is excessive does not raise a substantial question for our review." *Commonwealth v. Christine*, Opinion in Support of Affirmance, 78 A.3d 1, 10 (Pa. Super. 2013) (*en banc*) (citing *Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa. Super. 2013), *appeal denied*, 77 A.3d 636 (Pa. 2013)).

Additionally, Appellant claims that the trial court focused solely on the gravity of the offense. (*See* Appellant's Brief, at 9). In support of this claim, Appellant cites *Commonwealth v. Bauer*, 604 A.2d 1098, 1101 (Pa. Super. 1992). Our Supreme Court reversed this Court's decision. *See Commonwealth v. Bauer*, 618 A.2d 396 (Pa. 1993).

Nevertheless, this Court has held that "an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009); (*see also* Commonwealth's Brief, at 4).

"Furthermore, because our General Assembly has chosen to preclude [our Supreme] Court from reviewing most claims challenging the discretionary aspects of sentencing, it is all the more crucial that defendants receive at least one opportunity to receive appellate review of sentences that

- 5 -

raise a substantial question under § 9781(b)." ***Commonwealth v.
Mouzon***, 812 A.2d 617, 626-27 (Pa. 2002) (footnote omitted). "Applying
***Mouzon***, this Court has held that an excessive sentence claim—in
conjunction with an assertion that the court failed to consider mitigating
factors—raises a substantial question." ***Commonwealth v. Raven***, 2014
WL 3907103, *6 (Pa. Super. filed August 12, 2014) (citation omitted).
Accordingly, we grant Appellant's petition for allowance of appeal and
consider the merits of his claim.

Appellant's claim does not merit relief.

Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of
> the sentencing judge, and a sentence will not be disturbed on
> appeal absent a manifest abuse of discretion. In this context, an
> abuse of discretion is not shown merely by an error in judgment.
> Rather, the appellant must establish, by reference to the record,
> that the sentencing court ignored or misapplied the law,
> exercised its judgment for reasons of partiality, prejudice, bias
> or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal
denied*, 63 A.3d 774 (Pa. 2013) (citation omitted).

Here, our review of the record reveals that Appellant's claim that the
trial court relied solely on the gravity of the offense is belied by the court's
statements at the summary appeal hearing. (***See*** N.T. Summary Appeal,
1/15/14, at 13-14).

After listening to Appellant's explanation of his actions, the court noted
that this was Appellant's ninth violation. (***See*** N.T. Summary Appeal,

1/15/14, at 13). The court also noted that Appellant had an obligation to everyone else in the Commonwealth not to drive if his operating privileges are suspended. (*See id.* at 14). The record also confirms the trial court's conclusion that Appellant was not confronted with a medical or similar emergency. (*See id.* at 2-13; *see also* Trial Ct. Op., at 5).

Based on this record, we conclude that the trial court was aware of Appellant's explanation, his claim of multiple disabilities, and his assertion that he helps to care for his disabled adult son. We also conclude that the court gave due consideration to these asserted mitigating factors, (*e.g.*, deferring the date to report for sentence), and did not abuse its discretion in formulating its sentence of confinement for Appellant's ninth DUS conviction.

Finally, we note that while Appellant makes a generalized claim that the trial court's "true focus was the impact of the crimes on the victims and the community, to the exclusion of all other factors," (Appellant's Brief, at 12),[5] he fails to "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Glass*, *supra* at 727 (citation omitted). Accordingly, we affirm the judgment of sentence.

_____

[5] We observe that Appellant's claim that the trial court considered the impact on the "victims and the community, to the exclusion of all other factors" (Appellant's Brief, at 12), is inconsistent with his claim that "the court focused solely on the gravity of the offense." (Appellant's Brief, at 9).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014