J-S12018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY JONES, | |
| Appellant | No. 700 EDA 2014 |

Appeal from the Judgment of Sentence Entered on October 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011990-2012

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED MARCH 24, 2015**

Appellant, Timothy Jones, appeals from the judgment of sentence entered on October 8, 2013, in the Philadelphia County Court of Common Pleas.  We affirm.

The relevant facts of this matter were set forth by the trial court as follows:

> [The charges filed against Appellant] arose out of a bar fight between Appellant and the decedent, Dijon Bowie ("Bowie"), also known as "Shiz". On February 11, 2012, at 1:11 A.M. a fight broke out between Appellant and Bowie inside of Whisper's Inn bar located at the 7600 block of Ogontz Avenue in Philadelphia. Whisper's Inn had a series of working surveillance cameras inside of the establishment. The fight lasted approximately 10-15 seconds before Terrence L. Stratton ("Stratton"), a patron at the bar, and other patrons of the bar

---

[*]  Former Justice specially assigned to the Superior Court.

interceded and separated the two men, leading Bowie outside while Appellant was held inside. A patron of the bar that night attempted to block Appellant from exiting the building, however, Appellant went outside briefly before returning into the bar to retrieve items that fell from his person during the altercation. Appellant then exited the bar again to confront Bowie, who was still standing outside of the bar.

Outside of Whisper's Inn, Bowie taunted the Appellant to continue the fight. Appellant drew a gun, pointed it at Bowie, and put it back in his pocket. Bowie taunted the Appellant again, at which point, Appellant shot Bowie one (1) time in the neck and ran towards 76th Avenue. After Bowie was shot, Stratton, who had exited Whisper's Inn directly after Appellant had retrieved his belongings, reentered the bar and yelled for the bartender to call the police because someone had been shot. Bowie was still breathing when police arrived on the scene at 1:15 A.M. Bowie was transported to Albert Einstein Medical Center, where he was later pronounced dead at 1:29 A.M. by Dr. Salzman. Bowie's cause of death was determined to be a single gunshot wound to the neck, and the manner of death was homicide.

Stratton and two other patrons of Whisper's Inn were seen leaving the scene in a cream-colored Ford Taurus and were taken into custody later that night for questioning in connection with the shooting. After multiple attempts to locate Appellant, he was assigned to the Fugitive Unit on February 13, 2012. The dissemination of a wanted poster and coordinated efforts with U.S. Marshals nationwide lead to Appellant's arrest on May 23, 2012 in Rose Hall, North Carolina.

Trial Court Opinion, 9/23/14, at 3-4.

On August 12, 2013, the Appellant, Timothy Jones, was found guilty, by a jury sitting before [the trial] Court, of one (1) count each of Third Degree Murder, a felony of the first degree; Firearms not to be Carried Without a License, a felony of the third degree; Possession of Instruments of Crime, a misdemeanor of the first degree; and Carrying Firearms in Public in Philadelphia, a misdemeanor of the first degree. Appellant completed a waiver trial by stipulation for Persons not to Possess Firearms, a felony of the second degree; and was found guilty by [the trial] Court.

- 2 -

On October 8, 2013, [the trial] Court sentenced the Appellant to twenty to forty (20-40) years [of] incarceration for the Third Degree Murder, plus five to ten (5-10) years [of] incarceration for the Persons not to Possess Firearms, plus three to six (3-6) years [of] incarceration for the Firearms not to be Carried Without a License, plus two to four (2-4) years [of] incarceration for Possession of Instruments of Crime, all to run consecutively. No further penalty was assessed on the Carrying Firearms in Public in Philadelphia charge. On October 16, 2013, Appellant filed a timely Post Sentence Motion which was denied by operation of law on February 18, 2014.

On March 4, 2014, the Appellant filed a Notice of Appeal. When the notes of testimony became available, [the trial] Court ordered the Appellant, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) to file a self-contained and intelligible statement of errors complained of on appeal on March 25, 2014. On April 9, 2014, counsel filed a timely 1925(b) Statement of Errors Complained of on Appeal[.]

Trial Court Opinion, 9/23/14, at 1-2.

On appeal, Appellant raises the following issues for this Court's

consideration:

[1.] Did the trial court commit an abuse of discretion by refusing to give the jury a concealment charge?

[2.] Did the trial court commit an abuse of discretion and impose an excessive sentence by ordering that the sentences imposed on the weapons offenses be served consecutively to one another and the sentence imposed on the murder charge?

[3.] Did the trial court committ [sic] an abuse of discretion in imposing a sentence outside the applicable sentencing guidelines range on the PIC charge because the court failed to provide reasons for exceeding the applicable sentencing guidelines range in violation of the applicable law?

Appellant's Brief at 4 (full capitalization omitted).

In his first issue, Appellant argues that the trial court erred when it refused to instruct the jury on flight and concealment. Our scope and standard of review for a challenge to a trial court's jury instruction is as follows:

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

*Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted). Additionally, a jury instruction regarding a particular defense is not warranted where the evidence does not support the instruction. *Commonwealth v. Walker*, 36 A.3d 1, 15 (Pa. 2011). A trial court may instruct the jury on flight and concealment when a person knows that he is a suspect in a crime and conceals himself, because such conduct is evidence of consciousness of guilt, which may along with other proof form the basis from which guilt may be inferred. *Commonwealth v. Bruce*, 717

A.2d 1033, 1039 (Pa. Super. 1998) (citing *Commonwealth v. Hartey*, 40, 621 A.2d 1023, 1029 (Pa. Super. 1993)).

Appellant complains that the trial court should have instructed the jury on this issue because his defense was that he was not the shooter. Appellant alleges that Mr. Terry Stratton, an individual who attempted to break up the fight inside the bar and who asked the bartender to call an ambulance after the shooting, was actually the perpetrator. Appellant avers that Mr. Stratton, who was wearing a reversible vest on the night of the shooting, chose to invert the vest upon leaving the area. Appellant's Brief at 12. This, Appellant claims, reveals Mr. Stratton's attempt to flee and conceal his identity from police. *Id*. at 17. Additionally, Appellant argues that his request for this jury instruction was supported by the testimony of a witness who claimed that it was Mr. Stratton who killed the victim. *Id*. at 17.

Appellant cites to *Commonwealth v. Milligan*, 693 A.2d 1313 (Pa. Super. 1997) as support for his claim that the court erred in refusing to give the flight and concealment instruction. Appellant's Brief at 13. In *Milligan*, police were dispatched to a traffic accident. Upon arriving at the scene, the responding officer observed a single car with heavy front-end damage. The officer noted that there was damage to the windshield that was consistent with the driver's head striking it. Moreover, the officer testified that there were two indentations in the windshield indicating that there was at least

one other person in the car. The officer testified that he saw Mr. Milligan sitting across the street from the accident with lacerations to his mouth and head. However, bystanders told the officer that another individual had left the scene of the accident. During the minutes spent waiting for an ambulance, Mr. Milligan told the officer that he was a passenger in the damaged car. During this conversation, the officer noticed that Mr. Milligan smelled of alcohol, had slurred speech, and had bloodshot eyes. While Mr. Milligan gave conflicting statements regarding who was in the car, he twice denied that he was driving. Subsequently, in follow-up questions, the officer again asked if Mr. Milligan was driving, and Mr. Milligan answered in the affirmative. The officer opined that Mr. Milligan's speech pattern and the content of his speech were due to intoxication and not injury. *Milligan*, 693 A.2d at 1315-1316, 1318.

However, there was also testimony which established that prior to reaching the accident scene, the officer received a dispatch informing him that an individual was leaving the scene. The defense presented testimony from a man named Joseph Oliver. Mr. Oliver testified that prior to the accident, he and Robert Smith were passengers in the car. Mr. Oliver testified that after he got out, Mr. Smith and Mr. Milligan drove off, and Mr. Smith was driving. Mr. Oliver also testified that on the day following the accident, he saw Mr. Smith and noticed that Mr. Smith had severe cuts to his face. Finally, Mr. Oliver stated that, during this meeting with Mr. Smith,

Mr. Smith confessed that he had been driving Mr. Milligan's car at the time of the accident, but he fled because he knew the police were coming. *Milligan*, 693 A.2d at 1318.

At trial, Mr. Milligan requested the trial court to give the jury the flight and concealment instruction regarding the driver who had fled. The trial court refused to give this instruction, and following Mr. Milligan's conviction, he appealed to this Court. In addressing the issue on appeal, a panel of this Court stated as follows:

> [I]t would appear that, once a defendant properly introduces evidence that someone else fled the crime scene, the trial court is duty bound to instruct the jury concerning the significance of this evidence. *See* [*Commonwealth v. Birch*, 644 A.2d 759, 762 (Pa. Super. 1994)]. This decision is also compatible with Pennsylvania's Suggested Standard Jury Instruction on flight, which, to a great extent, is neutral in its application to a defendant or another party. The suggested instruction reads, in pertinent part, as follows:
>
>> Generally speaking when a crime has been committed and a person thinks he is or may be accused of committing it and he flees or conceals himself such flight or concealment is a circumstance tending to prove the person is conscious of guilt. Such flight or concealment does not necessarily show consciousness of guilt in every case. A person may flee or hide for some other motive and may do so even though innocent. Whether the evidence of flight or concealment in this case should be looked at as tending to prove guilt depends upon the facts and circumstances of this case especially upon motives which may have prompted the flight or concealment.
>
> Pa.S.S.J.I. (Crim) 3.14.

- 7 -

*Milligan*, 693 A.2d at 1317-1318. This Court determined that the flight and concealment instruction is available to a defendant who is attempting to establish that a person other than himself is guilty. *Id*. at 1318. However, the failure to give this jury instruction does not require a new trial if the error is harmless. *Id*. at 1318.

Here, we are faced with a markedly different set of facts from those presented in *Milligan*. First, in the case at bar, the record reflects that after Mr. Stratton saw Appellant shoot Dijon Bowie, he did not flee. Rather, he went back inside the bar and asked the bartender to call an ambulance. N.T., Trial, 8/8/13, at 45; N.T., Trial, 8/7/13, at 167. While there was testimony that Mr. Stratton reversed his vest, there is no indication that he did so in an attempt to hide or conceal himself. Rather, Mr. Stratton, much like many of the other witnesses, left the area after there were gunshots and police arrived. We cannot conclude that the evidence supported the accusation that Mr. Stratton fled and concealed himself, a prerequisite for the instruction. *Milligan*, 693 A.2d at 1317-1318; *Sandusky*, 77 A.3d at 667. Thus, the record did not support the instruction. *Walker*, 36 A.3d at 15.

Additionally, while Mr. Michael Smalls testified that he thought Mr. Stratton may be the shooter because he believed the shooter had lighter skin than Appellant, N.T., Trial, 8/9/13, at 79, another eyewitness unequivocally identified Appellant as the shooter. *Id*. at 106. Absent from

J-S12018-15

the testimony in this matter is any evidence of Mr. Stratton's flight or concealment that would support the requested jury instruction. For these reasons, we discern no error or abuse of discretion in the trial court refusing to provide the flight and concealment jury charge.[1]

Next, Appellant claims that the trial court abused its discretion and imposed an excessive sentence by ordering Appellant to serve his sentences on the weapons offenses consecutively to one another and to the sentence imposed on the murder charge. Appellant's claim challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

---

[1] However, even if we were to find that the instruction was warranted, we would conclude as this Court did in *Milligan*, that the error was harmless. Under the harmless error doctrine, the judgment of sentence will be affirmed in spite of the error where the reviewing court concludes beyond a reasonable doubt that the error did not contribute to the verdict. *Commonwealth v. Moran*, 104 A.3d 1136, 1150 (Pa. 2014) (citation omitted). "An error is harmless if it does not prejudice the defendant, or the effect on the jury is minimal." *Milligan*, 693 A.2d at 1318 (citation omitted). There was testimony from several eyewitnesses and a video recording of Appellant and Bowie fighting inside the bar. Moreover, there were accounts from eyewitnesses who saw Appellant shoot and kill Bowie. Thus, even if the trial court had instructed the jury on flight and concealment with respect to Mr. Stratton, it would not have altered the testimony from eyewitnesses who saw Appellant commit the murder.

- 9 -

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Additionally, "issues challenging the discretionary aspects of a sentence

must be raised in a post-sentence motion or by presenting the claim to the

trial court during the sentencing proceedings. Absent such efforts, an

objection to a discretionary aspect of a sentence is waived."

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013)

(quoting *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa. Super. 2011)).

We note that Appellant has met the first three parts of the four-prong

test required prior to our review of the merits of a discretionary challenge to

a sentence: Appellant timely filed an appeal; Appellant preserved the issue

in a post-sentence motion;[2] and Appellant included a statement pursuant to

Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised

a substantial question.

---

[2] The Commonwealth argues that this claim was waived because Appellant failed to raise it in his post-sentence motion. Commonwealth's Brief at 16. However, we are satisfied that Appellant's post-sentence motion sufficiently challenges the consecutive nature of the sentences imposed, and we decline to find waiver.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** at 912-913.

It is well settled that bald claims of excessiveness due to the consecutive nature of sentences imposed will not raise a substantial question. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). However, a defendant may establish a substantial question where the consecutive nature of the sentences results in an aggregate sentence that is clearly unreasonable. ***Id***. "The key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Treadway***, 104 A.3d at 599 (quoting ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010)).

Here, Appellant alleges that the consecutive sentences imposed by the trial court result in an excessive sentence. Appellant's Brief at 18. Specifically, Appellant argues that the sentence exceeded the aggravated

range for each sentence and the trial court failed to consider all relevant factors in imposing sentence. *Id*. at 19. We disagree.

The trial court sentenced Appellant to twenty to forty years of incarceration for third degree murder, five to ten years of incarceration for persons not to possess firearms, three to six years of incarceration for firearms not to be carried without a license, and two to four years of incarceration for possession of an instrument of crime. The trial court ordered all of these sentences to run consecutively, resulting in an aggregate sentence of thirty to sixty years of incarceration.

The record reflects that the sentences for third-degree murder and persons not to possess firearms were in the standard range of the Sentencing Guidelines. 204 Pa. Code §303.18; 204 Pa. Code §303.16. The sentences for firearms not to be carried without a license and possession of an instrument of crime were both beyond the aggravated range. 204 Pa. Code §303.16.[3]

Thus, Appellant's primary challenge, wherein he alleged that each sentence exceeded the aggravated range, is unfounded. Moreover, the record reflects that the trial court reviewed a pre-sentence investigation report ("PSI"). N.T., Sentencing, 10/8/13, at 3. It is well settled that when

_____

[3] While the Deadly Weapon Used Sentencing Enhancement applied to the murder conviction, that enhancement did not apply to Appellant's other convictions. 204 Pa. Code §303.10.

the sentencing court had the benefit of a PSI, it was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Moury*, 992 A.2d at 171 (citation omitted). Therefore, Appellant's secondary claim that the trial court failed to consider all relevant factors is meritless as well. Thus, Appellant's claim of error is merely a bare challenge to the consecutive nature of the sentences imposed. While Appellant cites to *Commonwealth v. Wilson*, 946 A.2d 767 (Pa. Super. 2008), *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008), *Commonwealth v. Whitman*, 880 A.2d 1250 (Pa. Super. 2005), *reversed on other grounds*, 918 A.2d 115 (Pa. 2007), *Commonwealth v. Bauer*, 604 A.2d 1098 (Pa. Super. 1992), *reversed on other grounds*, 618 A.2d 396 (Pa. 1993), *Commonwealth v. Rizzi*, 586 A.2d 1380 (Pa. Super. 1991), and *Commonwealth v. Parrish*, 490 A.2d 905 (Pa. Super. 1985), as examples of cases where this Court found that consecutive sentences were excessive, none of those cases involved third degree murder and the use of a firearm on a public street.

Here, the record of the sentencing hearing reflects that counsel for the Commonwealth summarized the facts of the case, Appellant and his father were given an opportunity to speak, and the trial court heard these statements and reviewed the PSI. We discern nothing unreasonable in an aggregate sentence of thirty to sixty years of incarceration under the facts of this case. *Treadway*, 104 A.3d at 599. Accordingly, because Appellant was

unable to support his claim of excessiveness due to the consecutive nature of the sentences with any support from the record establishing that the aggregate sentence was clearly unreasonable, we conclude that Appellant has failed to present a substantial question. *Dodge*, 77 A.3d at 1270.

In his third issue, Appellant argues that the trial court erred and abused its discretion when it sentenced him outside of the aggravated range of the Sentencing Guidelines for PIC without providing its reasons for doing so on the record. Appellant's Brief at 27. As noted above, there are requirements for raising a challenge to the discretionary aspects of one's sentence. *Moury*, 992 A.2d at 170. One of those prerequisites is preserving the challenge by raising it before the trial court. *Cartrette*, 83 A.3d at 1042. Here, however, this issue is waived due to Appellant's failure to present it to the trial court at the time of sentencing or in a post-sentence motion. *Id*.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins the Memorandum.

Justice Fitzgerald Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2015