**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID MATTHEW TRES | : | |
| | : | |
| Appellant | : | No. 1297 EDA 2018 |

Appeal from the PCRA Order March 19, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004624-2016

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED APRIL 09, 2019**

Appellant, David Matthew Tres, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. In the early morning hours of June 11, 2016, Upper Darby Township police received a report of an armed individual driving a motor scooter. Shortly thereafter, an officer conducted a traffic stop of Appellant's motor scooter for an unlit headlight. Appellant dismounted the scooter against the officer's directions. To ensure the officer's safety, the officer conducted a pat down of Appellant and discovered a loaded handgun on his person. The officer placed Appellant under arrest. On August 19, 2016, Appellant filed a motion to

suppress the evidence discovered during the pat down.

After discussing his options with counsel, Appellant entered a negotiated guilty plea on October 18, 2016, to one count each of persons not to possess firearms and receiving stolen property. On the same day, the court sentenced Appellant to an aggregate term of forty-two (42) to ninety-six (96) months' incarceration. Appellant sought no direct review.

Appellant timely filed his first *pro se* PCRA petition on October 19, 2017, and the court appointed counsel. On February 20, 2018, PCRA counsel filed a **Turner/Finley**[1] letter and a motion to withdraw as counsel. The PCRA court allowed counsel to withdraw and issued notice on February 26, 2018, of its intent to dismiss the petition without a hearing, per Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the court's Rule 907 notice, challenging PCRA counsel's representation as flawed. On March 19, 2018, the court dismissed Appellant's PCRA petition. Appellant filed a *pro se* motion for reconsideration on March 26, 2018, which the court denied the next day. Appellant timely filed a *pro se* notice of appeal on April 13, 2018. On April 20, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues on appeal:

> WHETHER [PLEA COUNSEL] RENDERED [INEFFECTIVE ASSISTANCE] BY AFFIRMATIVELY MISADVISING

_____

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988).

[APPELLANT] TO ENTER AN INVOLUNTARY OR UNKNOWING PLEA WHERE COUNSEL'S INCOMPETENCE REGARDING THIS HONORABLE COURT'S ON POINT APPLICATION OF **COMMONWEALTH V. JONES**, 845 A.2D 821 [(PA.SUPER. 2004)], TO THE RELATED SUPPRESSION MOTION, DURING A TRAFFIC STOP, DEFEATS [PLEA COUNSEL]'S ADVICE, AND COUNSEL SHOULD HAVE KNOWN OF THIS RELEVANT LAW AND, IF SO, WHETHER THE PCRA COURT ABUSED ITS DISCRETION IN FAILING TO FIND THAT [PLEA COUNSEL] RENDERED INEFFECTIVE [ASSISTANCE?]

WHETHER THE PCRA COURT FAILED TO CONDUCT AN EVIDENTIARY HEARING ON [APPELLANT'S] CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AFTER [APPELLANT] RAISED A GENUINE ISSUE OF MATERIAL FACT CONCERNING [PLEA COUNSEL]'S ADVICE WHICH CONTRADICTS WITH THIS COURT'S OPINION/DECISION IN **COMMONWEALTH V. JONES**, 845 A.2D 821 [(PA.SUPER. 2004)], REGARDING THE SUFFICIENCY OF A 9-1-1 CALLER'S NAME IN RELATION TO ACCEPTING THE PLEA OVER PURSUING HIS FILED SUPPRESSION MOTION[?]

(Appellant's Brief at 6).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA

court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Mary Alice Brennan, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** PCRA Court Opinion, filed June 4, 2018, at 3-11) (finding: **(1)** plea counsel and court appropriately colloquied Appellant; during oral colloquy, Appellant understood and responded affirmatively to each question; Appellant also understood entry of guilty plea would withdraw his suppression motion; affidavit of probable cause provided sufficient factual basis for entry of plea; Appellant also received benefit of negotiated plea; Appellant was aware he faced potential 10-20 years' incarceration if convicted of all charges at trial; record demonstrates Appellant knowingly, intelligently, and voluntarily entered guilty plea; therefore, plea counsel cannot be deemed ineffective; accordingly, there is no merit to Appellant's claim PCRA counsel was ineffective for failing to argue plea counsel's ineffectiveness; **(2)** PCRA court did not abuse its discretion when it declined to hold evidentiary hearing, because Appellant's claims failed to present genuine issues of material fact, and further proceedings would have served no purpose). The record supports

the court's decision to deny PCRA relief without a hearing on the grounds asserted.  Accordingly, we affirm based on the PCRA court's opinion.

Order affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Kunselman files a concurring memorandum.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :

               V.                           : CP-23-CR-0004624-2016

                                          :

DAVID MATTHEW TRES                    :

Appellant/Defendant: Pro-Se
A. Sheldon Kovach, Esquire, Attorney for the Commonwealth

## OPINION

Brennan, J.                                            June 4, 2018

Defendant was arrested on June 11, 2016 and charged with multiple firearms offenses, Receiving Stolen Property and various traffic offenses. On October 18, 2016, Defendant entered a negotiated guilty plea to Person not to Possess Firearms[1] and Receiving Stolen Property;[2] the remaining charges were dismissed. Immediately thereafter, the Court sentenced the Defendant, consistent with the terms of the negotiated plea, to an aggregate state term of incarceration of 42-96 months. No objections to this sentence or the sentencing proceedings were placed on the record at sentencing. On October 27, 2016 Defendant filed a Post-Sentence Motion to Withdraw Guilty Plea. On December 12, 2016 Defendant withdrew his Post-Sentence Motion to Withdraw Guilty Plea. No direct appeal of his sentence

---

1 18 Pa.C.S.A. Section 6105 subsection A1.

2 18 Pa.C.S.A. Section 3925 subsection A.

1

was filed.

On October 19, 2017 the Defendant filed a timely pro se PCRA petition. On October 20, 2017 PCRA counsel was appointed by this Court. After an exhaustive review of the record, on February 20, 2018 PCRA counsel filed a *Finely* "No Merit" letter.[3] On February 26, 2018 this Court served the Defendant with a Twenty Day Notice of Intent Dismiss PCRA Petition without a hearing. Thereafter Defendant's PCRA was dismissed on March 19, 2018 and this timely appeal followed.

In his Matters Complained of on Appeal, the Defendant raises the following issues; 1) plea counsel ineffective for failing to proceed on his motion to suppress and instead recommended Defendant enter into a negotiated guilty plea; 2) plea counsel ineffective for negotiating an unenforceable plea bargain pursuant to *Commonwealth v. Kelley*, 2016 PA Super 64, 136 A.3d 1007; 3) PCRA counsel was ineffective for filing a Finley letter and not requesting an evidentiary hearing to pursue issues 1 and 2 above; and 4) his sentence is illegal pursuant to *Commonwealth v. Kelley*, supra. For the reasons that follow all of Defendant's claims lack merit.

---

3 See *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988).

The record in this case supports the conclusion that the Defendant's guilty plea was knowingly and voluntarily entered and that the Defendant failed to establish that his plea Counsel's stewardship was ineffective in any manner. To succeed on an ineffective assistance of counsel claim, a Defendant must satisfy the three-pronged "Pierce test[4]"; that is, a defendant must plead and prove: (1) the underlying claim has merit, (2) counsel's performance had no reasonable basis, and (3) counsel's ineffectiveness prejudiced the defendant. *Commonwealth v. Lassiter*, 554 Pa. 586, 592, 772 A.2d 657, 660 (1998) (citing *Commonwealth v. Lacava*, 542 Pa. 160,178, 666 A.2d 221, 229 (1995)). "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Cox*, 603 Pa. 223, 243, 983 A.2d 666, 678 (2009) (quoting *Pierce*, supra at 213; citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Counsel is presumed effective and Defendant bears the burden of proving otherwise. *Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009). The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Bridges*, 584 Pa. 1127, 886 A.2d 1127 (2005).

Once a defendant has entered a plea of guilty, it is presumed that he was

---

4 *Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, (2001)

3

aware of what he was doing, and the burden of proving involuntariness is upon him. *Commonwealth v. Owens*, 321 Pa. Super. 122, 467 A.2d 1159 (1983); *Commonwealth v. Brown*, 242 Pa. Super. 240, 363 A.2d 1249 (1976). A plea of guilty constitutes a waiver of all defects and defenses. Upon entry of a guilty plea, all challenges to the plea are waived except challenges to voluntariness, jurisdiction of the court, and the lawfulness of the sentence. *Commonwealth v. Bauer*, 413 Pa. Super. 220, 604 A.2d 1098 (1992); *Commonwealth v. Coles*, 365 Pa. Super. 562, 530 A.2d 453 (1987), appeal denied, 522 Pa. 572, 559 A.2d 34 (1989). If an underlying claim was waived by the guilty plea, a derivative claim of ineffective assistance of counsel must necessarily fail. *Commonwealth v. Bauer*, 413 Pa. Super. 220, 604 A.2d 1098 (1992); *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315 (1988). Furthermore, "after a defendant has entered a plea of guilty, the only cognizable issues in a post-conviction proceeding are the validity of the plea of guilty and the legality of the sentence." *Commonwealth v. Rounsley*, 717 A.2d 537, 538 (Pa. Super. 1998) (citation omitted).

To determine whether a plea was knowing and voluntary, the reviewing court examines the guilty plea colloquy to ascertain defendant's understanding of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the court's power to depart from any recommended sentence. *Commonwealth v.*

4

*Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005).

The adequacy of a guilty plea colloquy and the voluntariness of the resulting plea must be examined under the totality of the circumstances surrounding the entry of the plea. *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa.Super. 2002) at 383-384. Thus, "[t]he trial court may consider a wide array of relevant evidence under this standard including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements." *Commonwealth v. Fears*, 836 A.2d 52, 64 (Pa. 2003); *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-1213 (Pa.Super. 2008).

The record in this case clearly demonstrates that Defendant knowingly, intelligently, and voluntarily entered his guilty plea. Counsel and the Court undertook the appropriate steps in the colloquy to outline the voluntariness of Defendant to enter the plea. See N.T. October 18, 2016 pp. 4 through 16. The Defendant understood and responded affirmatively to each and every material inquiry posed from the Court and Counsel during the colloquy. Defendant also clearly understood that his suppression motion was being withdrawn as a result of the plea N.T. October 18, 2016 pp. 4 through 7. Defendant further understood that the guilty plea would result in a violation of his existing probation and parole, which would result in additional incarceration N.T. October 18, 2016 pp. 14, 15.

The Court indicated acceptance of the plea, and the signed guilty plea

5

statement was made part of the official record. Defendant's initials and signature were properly affixed to the guilty plea statement. The affidavit of probable cause further provided sufficient factual basis for the entry of the plea. The Defendant indicated that he understood all of the rights he was waiving, and that he clearly wished to enter the plea. In its totality, there was nothing improper relative to the entry of the plea, and counsel cannot be deemed ineffective in that every material aspect of the guilty plea colloquy was properly undertaken.

Based upon this record, Defendant could not possibly show that his plea was unknowing or involuntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) ("where... a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established"); *Commonwealth v. Smith*, 450 A.2d 973, 974 (Pa. 1982) (a written colloquy is prima facie evidence that defendant was aware of his rights); *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) ("[a defendant] may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy"); *Commonwealth v. Sauter*, 567 A.2d 707, 708-09 (Pa. Super. 1989). (Where a written plea colloquy is supplemented by an oral colloquy, it "suggests most strongly" that the guilty plea was made knowingly, voluntarily and intelligently).

Additionally, the Defendant received the benefit of the negotiated Plea.

6

Defendant was aware of his potential exposure if he proceeded to trial and was convicted was 10 to 20 years. Although Defendant's sentence is lengthy, he benefitted from entering into the negotiated plea.

The desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of his plea. *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). The law does not require that a defendant be pleased with the outcome of his decision to enter a guilty plea; rather, all that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made. See *Commonwealth v. Willis*, 68 A.3d 997, 1001-1002 (Pa.Super. 2013); *Commonwealth v. Mendoza*, 730 A.2d 503, 505-06 (Pa. Super. 1999). In this case the record is clear that the Defendant understood the nature of the charges against him and voluntarily entered the plea.

Defendant next argues that PCRA Counsel was ineffective for failing to raise ineffectiveness arguments regarding Plea Counsel. Where a defendant seeks relief under the PCRA for layered ineffective assistance, "a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument, in briefs or other court memoranda, on the three prongs of the *Pierce* test as to each relevant layer of representation" *Commonwealth v. McGill*, 574 Pa. 574,

7

589, 832 A.2d 1014, 1023 (2003). "[T]he inability of a petitioner to prove each prong of the Pierce test in respect to trial counsel's purported ineffectiveness alone will be fatal to his layered ineffectiveness claim." *Commonwealth v. Tedford*, 960 A.2d 1, 13 (Pa. 2008) at 13 (quoting *Commonwealth v. Carson*, 913 A.2d 220, 233 (Pa. 2006)).

"In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010). See also *Commonwealth v. Collins*, 888 A.2d 564, 584 (Pa. 2005) (Layered claims of ineffectiveness "are not wholly distinct from the underlying claims because proof of the underlying claim is an essential element of the derivative ineffectiveness claim"). If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Burkett*, supra.

As demonstrated above, plea counsel was not ineffective. Therefore, there is no merit to the contention that PCRA Counsel should have raised ineffectiveness claims regarding plea counsel. PCRA Counsel was not ineffective for refusing to raise such meritless arguments. Accordingly, there is no merit to any of the issues raised by the Defendant as to ineffectiveness of Plea Counsel or PCRA Counsel.

Defendant next argues the Court erred in dismissing his PCRA without an

8

evidentiary hearing. There is no absolute right to an evidentiary hearing under the PCRA. *Commonwealth v. Wah*, 42 A.3d 335 (Pa. Super. 2012); *Commonwealth v. Hardcastle*, 701 A.2d 541, 542 (Pa. 1997). To justify a hearing, the Defendant must prove that there is a genuine issue of material fact which could entitle him to relief. *Commonwealth v. Clark*, 961 A.2d 80, 84 (Pa. 2008); *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004); Pa.R.Crim.P. 908(A)(2). If, as here, a defendant's petition is "without a trace of support," in the record and no material issues are in dispute, it may be dismissed without a hearing. *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002). In this case the Court declined to hold a hearing because there were no genuine issues concerning any material facts, and no purpose would be served by further proceedings. See *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa. Super. 2008); *Commonwealth v. Baumhammers*, 92 A.3d 708, 726-27 (Pa. 2014); *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

Defendant next claims are related and will be discussed together. Defendant alleges plea counsel was ineffective for negotiating an unenforceable plea bargain pursuant to *Commonwealth v. Kelley*, 2016 PA Super 64, 136 A.3d 1007 and that his sentence is illegal pursuant to the same case. Defendant's claim lacks merit.

In *Commonwealth v. Kelley*, the defendant, who all parties knew was on state parole, entered into a negotiated guilty plea for a term of state incarceration to commence at the date of his arrest. *Kelley*, 136 A.3d at 1011. However, because the

9

defendant was thereafter recommitted for violating his parole on his old sentence, the commencement date of his new sentence was effectively pushed forward by approximately two years because of the application of 61 Pa.C.S. Section 6138(a)(5)(i)). Upon PCRA review, the Superior Court held that the defendant's trial counsel was ineffective for providing erroneous advice regarding the legality and enforceability of the sentence imposed by the sentencing court, and therefore the defendant's guilty plea was not knowing, voluntary, and intelligent. Id. at 1014.

*Kelly* is inapplicable to the Defendant in this case because the record clearly indicates he was not promised his sentence would run concurrently to any other state sentence. It was not part of the negotiated plea. Furthermore, the following exchange took place at sentencing:

> THE COURT: Were you on parole or probation
> when the offense occurred?
> THE DEFENDANT: Yeah.
> THE COURT: Okay, you understand that you
> are facing a parole and/or probation violation
> hearing and possible penalty and further punishment?
> THE DEFENDANT: Is there any way that this
> sentence can run concurrent with that?
> THE COURT: I don't have anything to do
> with that.
> THE DEFENDANT: Okay.
> THE COURT: That's state parole, right?
> THE DEFENDANT: Yeah.
> THE COURT: Okay. Do you have any
> questions?
> THE DEFENDANT: No.

N.T. October 18, 2016 p. 14, 15.

In light of the foregoing, Defendant's reliance upon *Commonwealth v. Kelly* is misplaced.

Defendant's claim that his sentence is illegal also fails. *Kelly* did not hold that the defendant's sentence was illegal. It held the defendant's guilty plea was not knowing, voluntary, and intelligent because he did not get the benefit of the negotiated sentence. In this case the negotiated plea did not state that the Defendant's sentence would run concurrent with any previous state sentence. When he asked about it, he was informed by the Court that it had no authority to run his sentence concurrent with a prior state sentence. Defendant acknowledged that he understood this.

Based on the foregoing, this Court's order dismissing Defendant's PCRA petition should be affirmed on appeal.

BY THE COURT:

Mary Alice Brennan, J.

cc:   A. Sheldon Kovach, Esquire
      David Tres, Inmate No. KZ-2083
      S.C.I. - Rockview
      1 Rockview Place, Box A
      Bellefonte, PA 16823

11