386 A.2d 556
**COMMONWEALTH of Pennsylvania**

v.

**Kay Ann SPAHN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 1977.

Decided April 13, 1978.

158

John Woodcock, Jr., Public Defender, Hollidaysburg, for appellant.

J. Michael Dorezas, Assistant District Attorney, and Amos Davis, Altoona, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

VAN der VOORT, J., files an opinion in support of affirmance in which CERCONE and PRICE, JJ., join.

SPAETH, J., files an opinion in support of reversal in which JACOBS, President Judge, and HOFFMAN, J., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, in support of affirmance.

At approximately 1:30 P.M., on January 10, 1976, the appellant, Kay Ann Spahn, entered the Blair County Prison to visit her brother who was a resident of the prison at that time. While visiting with her brother she furnished him 1.3 grams of Marijuana and two capsules containing dextro-amphetamines. Marijuana is classified as a Schedule I drug under the Drug, Device and Cosmetic Act, and dextro-amphetamine is classified as a Schedule II drug. Appellant was arrested at that time and charged with violating Section 5123 of the Crimes Code [1] and Section 13(a), Subsection 16 of the Drug, Device and Cosmetic Act.[2] Both charges were consolidated for trial under No. 387 of 1976.

On July 12, 1976, the appellant stood trial and following a colloquy with the judge pled guilty to the charges. The court did not feel it was necessary to have a pre-sentence report submitted and on that same day commenced sentencing the appellant to pay the costs of prosecution, pay a fine in the amount of $100 and undergo imprisonment for a term of not less than 11 months nor more than 23 months on the charge of violating Section 5123. On the charge of violating the Drug, Device and Cosmetic Act, appellant was sentenced to pay the costs of prosecution and further sentence was suspended. A direct appeal to this Court was taken from the judgment of sentence without the filing of any post-trial motions.

On appeal, appellant argues that her plea of guilty to the charges was not voluntarily and understandingly made. In addition to that issue, appellant argues that the sentence was excessive.

As stated above, the record indicates that no post-trial motion nor a petition to withdraw the guilty plea were ever filed by the appellant prior to taking this appeal. In December of 1975, we decided *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), wherein we stated

1. Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 5123.

2. Act of 1972, April 14, P.L. 233, No. 64, 35 P.S. § 780–113(a) 16.

that the practice of attacking the validity of a guilty plea on direct appeal without first petitioning the trial court for permission to withdraw the plea would no longer be condoned. We adopted this position in order to be consistent with the Pennsylvania Rules of Criminal Procedure. Pa.R. Crim.P. Rule 1123 and the accompanying comments state that only those issues raised in post-verdict motions can be considered on appeal. The reason for this position was set forth in the case of *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974), where our Supreme Court commented that "[t]he swift and orderly administration of criminal justice requires that lower courts to be given the opportunity to rectify their errors before they are considered on appeal." *Commonwealth v. Reid, supra,* 458 Pa. at 358, 326 A.2d at 267. Since the appellant never filed a petition for leave to withdraw her guilty plea, the lower court was never afforded the opportunity of reviewing its decision and remedying any error that might have been present. We have consistently held in a number of recent cases that failure to comply with the requirement that a petition be filed will result in a waiver of the appellant's right to challenge the validity of his guilty plea. See *Commonwealth v. Williams,* 248 Pa.Super. 395, 375 A.2d 155 (1977); *Commonwealth v. Cooke,* 244 Pa.Super. 320, 368 A.2d 741 (1976); *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975). In accordance with our past decisions, it is clear that appellant has waived her right to raise the issue concerning the voluntariness of her guilty plea in this appeal.

The second issue raised by appellant is that the sentence imposed by the lower court was excessive. Appellant was sentenced to pay the costs of prosecution, pay a fine in the amount of $100, and undergo imprisonment for a period of not less than 11 months nor more than 23 months on the charge of violating Section 5123 of the Crimes Code. On the charge of violating the Drug, Device and Cosmetic Act, appellant was directed to pay the costs of prosecution and further sentence was suspended. Violation of Section

5123 is classified as a first degree misdemeanor. This carries with it the possibility of being fined up to $10,000 and being imprisoned for a term of not more than 5 years. The sentence imposed by the lower court was well within the limits set forth in the statute. Although we do have the power to modify a sentence which is manifestly excessive and inflicts a punishment which is too severe, we must exercise that power only where the facts clearly warrant its necessity. *Commonwealth v. Zelnick,* 202 Pa.Super. 129, 195 A.2d 171 (1963). Otherwise the general rule in this Commonwealth is clearly stated to be that the appellate courts will not interfere with the discretion of the trial court in the imposition of sentence. *Commonwealth v. Bilinski,* 190 Pa. Super. 401, 154 A.2d 322 (1959). Also see *Commonwealth v. Fitzgerald,* 101 Pa.Super. 308 (1931) and *Commonwealth v. Downer,* 161 Pa.Super. 339, 53 A.2d 897 (1947). No basis exists to justify the reversal of the sentence imposed in the instant case.

Judgment of sentence should be affirmed.

CERCONE and PRICE, JJ., join in this Opinion in Support of Affirmance.

WATKINS, former President Judge, did not participate in the consideration or decision in this case.

SPAETH, Judge, in support of reversal.

The opinion in support of affirmance is mistaken, I submit, on both of the issues presented.

—1—

Appellant's failure to file a petition to withdraw her guilty plea did not constitute a waiver of her right to attack the validity of her plea. In *Commonwealth v. McCusker,* 245 Pa.Super. 402, 369 A.2d 465 (1976), a majority of this court said it did constitute a waiver but on allocatur the

Supreme Court reversed that decision *per curiam, Commonwealth v. McCusker,* —— Pa. —— (No. 2850 Allocatur Docket, filed Sept. 21, 1977). Accordingly, the case should be remanded for proceedings consistent with the Supreme Court's order in *McCusker.* That means that on remand the lower court must comply with Pa.R.Crim.P. 1405(c), and appellant with Pa.R.Crim.P. 321. *See Commonwealth v. Marzik,* 255 Pa.Super. 500, 388 A.2d 340 (1978) (Concurring Opinion, SPAETH, J.) (1978).

—2—

In reviewing the sentence Judge VAN der VOORT has followed the old practice of treating the sentencing judge as though his discretion to formulate the sentence were for practical purposes unlimited and unreviewable. The cases cited in the opinion show this to be so. These cases are no longer the law.

In deciding whether a sentence is excessive, we must do much more than Judge VAN der VOORT does. Specifically, we must determine whether the sentencing judge took into account both the nature of the crime and the character of the defendant. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). To enable us to make this determination, the judge must state of record his reasons for the sentence. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). This statement must disclose that the guidelines imposed by the Sentencing Code, 18 Pa.C.S.A. §§ 1301 *et seq.* (Supp. 1977), have been followed. *Commonwealth v. Riggins, supra.* Furthermore, in certain cases, if the sentencing judge has failed to order a presentence report, he must state of record why. Pa.R.Crim.P. 1403.

The case should be remanded for further proceedings consistent with this opinion.

JACOBS, President Judge, and HOFFMAN, J., join in this opinion.