490 A.2d 905

COMMONWEALTH of Pennsylvania

v.

Cheryl M. PARRISH, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 5, 1984.

Filed March 22, 1985.

Basil J. Freeman, Port Allegheny, for appellant.

David B. Acker, District Attorney, Coudersport, for Commonwealth, appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from judgment of sentence following a guilty plea/plea bargain as to charges without specification as to the sentence. The charges and sentences were homicide by vehicle (1½—3 years), driving under the influence (1—2 years consecutive to the homicide by vehicle sentence) and leaving the scene of an accident (6—12 months concurrent with the driving under the influence sentence). Appellant's motion for modification of sentence was denied and she filed this timely appeal. Appellant, Cheryl Parrish, presents only one issue on appeal, that is, excessiveness of sentence in that the sentence imposed violates or exceeds the sentencing guidelines.

■ After careful consideration of the briefs, record and sentencing guidelines, we would agree with appellant that the sentence imposed is improper in that the guidelines were misapplied, the result being an excessively harsh and

manifestly excessive sentence.[1] We, therefore, reverse the trial court and vacate the judgment of sentence.[2]

An analysis of the possible sentences for the three crimes in question is, necessarily, the first matter we will address. Homicide by vehicle, 75 Pa.C.S.A. § 3732, is a misdemeanor of the first degree. Applying the Sentencing Guidelines, 42 Pa.C.S.A. § 9721, 204 Pa.Code § 303.1 et seq., with an undisputed prior record score of 0, the suggested minimum sentencing range is 0—12 months, the mitigated sentence, non-confinement, and the aggravated minimum range, 12—18 months. The statutory maximum for a misdemeanor of the first degree is 5 years. Appellant was sentenced to 1½—3 years—the most extreme sentence suggested under the aggravated range.

Leaving the scene of an accident, involving death or personal injury, 75 Pa.C.S.A. § 3742(a), is a misdemeanor of the third degree; the guidelines indicating 0—6 months in the minimum range, non-confinement in the mitigated minimum range, and the statutory limit—1 year for misdemeanor III's, is the aggravated range. Appellant was sentenced 6—12 months—the extreme end of the minimum range.

Driving under (the) influence of alcohol or controlled substance, 75 Pa.C.S.A. § 3731, is a misdemeanor of the second degree. The guidelines, written when drunk driving was a misdemeanor of the third degree, suggest a minimum sentence range of non-confinement to 6 months, a mitigated sentence of non-confinement and an aggravated sentence of six months. If one applies the statutory maximum for a misdemeanor of the second degree, it is 2 years and the mandatory sentences under 75 Pa.C.S.A. § 3731 provide: (i) not less than 48 hours for a first offense; (ii) not less than

1. Although both parties and the trial court have expressed concern over the court's consideration of a police officer's unsubstantiated statements contrary to appellant's best interest made at sentencing, we need not reach that issue in view of our determination that the sentence was manifestly excessive.

2. Although both briefs and the trial court discuss the Superior Court Memorandum in Commonwealth v. Taylor, No. 703 Pittsburgh, 1983, the case is not mentioned in this Opinion as memoranda are not to be cited or relied upon as precedent.

30 days for a second offense; (iii) not less than 90 days for a third offense and (iv) not less than one year for a fourth offense. In this instance, appellant was sentenced to 1—2 years. The sentence is far beyond that suggested by the guidelines for D.U.I.; it is identical to the maximum mandatory sentence for a four-time offender and in this instance, appellant had *no* prior convictions of any kind.

■ Sentencing is a matter within the sound discretion of the sentencing court, and, generally, will not be disturbed absent an abuse of discretion. *Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Giffin,* 279 Pa.Super. 264, 420 A.2d 1134 (1980). "If the sentence imposed is within the statutory limits, there is no abuse of discretion, unless the sentence is so manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Martin,* 328 Pa.Super. 498, 503, 477 A.2d 555, 557 (1984) citing *Commonwealth v. Garrison,* 292 Pa.Super. 326, 437 A.2d 407 (1981).

Although none of the individual sentences imposed here are in excess of the statutory maximum, we find each of the individual sentences and hence, the cumulative sentence, to be so manifestly excessive so as to inflict too severe a punishment.

■ In the exercise of its discretion,

[t]he court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and must impose a sentence, that is the minimum sentence, consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

*Commonwealth v. Wicks,* 265 Pa.Super. 305, 310, 401 A.2d 1223, 1225 (1979). *See also Commonwealth v. Martin, supra; Commonwealth v. Giffin, supra, Commonwealth v. Knight, supra* and *Commonwealth v. Martin, supra.*

■ In this instance, we find a manifest abuse of discretion which requires a vacation of the sentence. Although

the trial judge had before him the required pre-sentence report and fully considered it at the sentencing proceeding, and although he recognized the generally good character and reputation of the defendant, putting a clear and concise statement of his reasons for sentencing as he did on the record, we find that he failed to impose a sentence consistent with the protection of society and the rehabilitative needs of the defendant.

The record reveals Cheryl Parrish, age 27, had an impeccable record up to this time. She had no prior adult or juvenile arrests; she is separated from her husband and the mother of three children; she is gainfully employed with two jobs and at the time of sentencing had a possibility for alternative employment; she is active in her church and recently came to know Jesus Christ as her Savior (S.T. 52–55). The trial judge recognized all of these things and said "you enjoy things that seem to be healthy to enjoy and that would seem to take one in the right direction in life" (S.T. 55). Implicit in that statement would seemingly be a recognition that there are many mitigating circumstances in this appellant's case and that society need not be protected from Cheryl Parrish for the minimum 2½ years the trial judge would have her incarcerated at the State Correctional Institution at Muncy. Unfortunately, however, the trial court did not recognize that his statements, standing alone, would indicate a necessity for only minimal, if any, incarceration in order to be consistent with the needs of society and the rehabilitative needs of appellant.

[5] The crimes committed here are serious ones, the gravity of them not to be ignored—a young boy was killed, appellant was under the influence of alcohol and she did leave the scene of the accident. As grievous as these facts are, however, their severity will not be reduced nor will appellant be helped by a long period of incarceration. A court may not, as this trial court seemed to do, base its sentence upon the seriousness of the crime alone, *Commonwealth v. Butch,* 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Rooney,* 296 Pa.Super. 288, 442 A.2d 773

534

(1982). The total picture must necessarily be examined and considered before a sentence of total confinement is imposed.

■ In addition to the excessive sentence imposed, we find fault in the trial court having accepted a guilty plea to driving under the influence *and* homicide by vehicle and then imposing a minimum sentence nearly equal to that which would have been the 3 year mandatory sentence for homicide by vehicle *while* driving under (the) influence (75 Pa.C.S.A. § 3735). While we, as the trial court did, recognize the plea bargain as, undeniably, an attempt to avoid the 3 year penalty, we, unlike the trial court, do not find it conscionable to then have the nearly identical sentence imposed. In fairness, the least one would expect the trial court to do was to inform the appellant that the likelihood of receiving a three year maximum sentence was as great under the charges pled to, as would be the case under the mandatory § 3735. The trial judge, in accepting the plea bargain, should have accepted it and applied it for what it was—a young mother with a previously unblemished record attempting to avoid or at least reduce the length of any possible jail time. Otherwise, he should have rejected it, as was his right, and permitted appellant to decide if her chances were better with a jury.

■ Appellant, Cheryl Parrish, does deserve to be punished for her actions but incarceration at Muncy is not the only alternative; a work release program with a substantial period of probation and, possibly, community service would appear to be more suitable. In this particular case, the loss the community has suffered by the death of one of its members would likely be exacerbated by the loss to appellant's children by her prolonged imprisonment, and the loss occasioned by removing a wage earner from the community. Where a case requires a correction of sentence, this Court has the option of either remanding for resentencing, or amending the sentence directly. *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980) citing

*Commonwealth v. Portalain*, 223 Pa.Super. 33, 297 A.2d 144 (1972).

An examination of the sentencing code, 42 Pa.C.S.A. § 9722-Order of probation and 42 Pa.C.S.A. § 9725-Total confinement, convinces us that while probation only may not be a reasonable sentence neither is an extensive period of total confinement. Under § 9722 there are 12 factors which, while not controlling, are to be accorded weight in favor of an order of probation:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependants.

(12) Such other grounds as indicate the desirability of probation.

At the minimum, the final 6 factors apply in this case and were ignored by the sentencing court.

Section 9725 states the following with regard to an imposition of total confinement:

The court shall impose a sentence of total confinement if, having regrad to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendent.

These 3 factors simply *do not* apply and cannot control the situation under review.

■ If we followed the sentencing guidelines applying the minimum range, the sentence at its lowest end would be probation and its highest, 24 months incarceration. Under the mitigated range, which might be considered here since the appellant has three children dependent on her and is her own and their sole support in addition to being respected in the community, the sentence would be probation, no incarceration called for. In our judgment, an appropriate sentence would be a period of six months incarceration in the county jail accompanied by work release followed by three year probation. Such a sentence could be fashioned in the following manner: Homicide by vehicle, 6—18 months in the county jail under a work release program, to be followed by 18 months probation for the D.U.I., to run concurrent with 12 months probation for leaving the scene of an accident involving death or personal injury, the probation sentences to commence at the completion of the 6—18 months sentence on the homicide by vehicle. We generally

rely on the good judgment of the trial court to amend a manifestly excessive sentence on remand, *see Commonwealth v. Smith*, 257 Pa.Super. 435, 390 A.2d 1315 (1978); *Commonwealth v. Spahn*, 255 Pa.Super. 157, 386 A.2d 556 (1978); *Commonwealth v. Riggins*, 232 Pa.Super. 32, 332 A.2d 521 (1974), rev'd on other grounds, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Zelnick*, 202 Pa.Super. 129, 195 A.2d 171 (1963), allocatur denied February 13, 1964, cert. denied, 377 U.S. 1006, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964), and we remand to the lower court for resentencing in conformity with the discussion above.

Judgment of sentence of the trial court is vacated and the case is remanded for resentencing in conformity with this Opinion. Jurisdiction relinquished.