J-S43045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN RIEHL PETERSHEIM | : | |
| | : | |
| Appellant | : | No. 819 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 21, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001421-2022

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MAY 23, 2024**

Appellant, Melvin Riehl Petersheim, appeals from the judgment of

sentence following his guilty plea to 27 counts covering 11 offenses arising

from the rape and sexual assaults of four of his daughters while they were

children.[1] The Honorable Merril M. Spahn, Jr., of the Lancaster County Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The 11 offenses to which Appellant pleaded guilty were: two counts of Rape of a Child, 18 Pa.C.S. § 3121(c); one count of Statutory Sexual Assault, 18 Pa.C.S. § 3122.1(b); three counts of Aggravated Indecent Assault of a Child, 18 Pa.C.S. § 3125(b); three counts of Unlawful Contact with a Minor, 18 Pa.C.S. § 6318(a)(1) & (b)(1); two counts of Incest, 18 Pa.C.S. § 4302(b)(1); three counts of Aggravated Indecent Assault of a Child Less than 13 Years of Age, 18 Pa.C.S. § 3125(a)(7); two counts of Aggravated Indecent Assault of a Child Less than 16 Years of Age, 18 Pa.C.S. § 3125(a)(8); four counts of Corruption of a Minor, 18 Pa.C.S. § 6301(a)(1); four counts of Indecent Assault of a Child Less than 13 Years of Age, 18 Pa.C.S. § 3126(a)(7); two counts of Indecent Assault of a Child Less than 16 Years of Age, 18 Pa.C.S. § 3126(a)(8); and one count of Unlawful Contact with a Minor, 18 Pa.C.S. § 6318(a) & (b)(2).

of Common Pleas imposed an aggregate term of incarceration of 21 to 65 years. We affirm.

The charges against Appellant are based on the repeated sexual assaults perpetrated on his biological children between 2012 and 2021 at the family residence and farm in Lancaster County. The assaults were revealed on November 1, 2021, when members of the Conservative Crisis Intervention Group – an organization within the Amish community – went to the family's home to discuss Appellant's alcohol problems. While they were there, one of the daughters disclosed that she had been sexually abused by her father. When confronted, Appellant, stated that he "did not take their virginity," but only put his penis in "a little." N.T. 10/6/2022 – Guilty Plea, 9-10.

All six of Appellant's daughters were interviewed at the Lancaster Children's Alliance on November 11, 2021. Four of the daughters, all of whom were teen-aged on that date, revealed Appellant's sexual abuse. That abuse was summarized at Appellant's guilty plea proceeding on October 6, 2022, and Appellant agreed the summary was a correct factual statement of what he had done. N.T. 10/6/2022 – Guilty Plea, 10-13.

A break in the proceedings was required, however, because the description of the sentencing agreement caused Appellant to withdraw his plea. After further discussions, Appellant appeared before the court on October 12, 2022, to complete his guilty plea. Appellant affirmed that he understood the rights he was giving up, that he was subject to up to 329 years in prison, and that the only agreement with respect to sentencing was that he

would not be subject to mandatory minimum terms. Appellant then affirmed it was his voluntary decision to enter guilty pleas to all 27 charges. N.T. 10/6/2022, 4-10, 13-15; N.T. 10/12/2022 – Guilty Plea, 2-5.

On March 21, 2023, Appellant appeared before the court for sentencing. Appellant stipulated to the Sexually Violent Predator assessment prepared for his sentencing, and that the Commonwealth had demonstrated by clear and convincing evidence that that he should be classified as a sexually violent predator. Counsel and the court reviewed the presentence investigation report ("PSI") and agreed to both the guideline calculations and which charges merged for sentencing purposes. N.T. 3/21/2023 – Sentencing, 3-11.

The Commonwealth argued for an aggregate term of 25 to 107 years, emphasizing the psychological effects Appellant's abuse had on his daughters. N.T. 3/21/2023 – Sentencing, 12-15. Appellant's counsel argued the difficult circumstances of his client's upbringing and alcohol addiction, and that he was currently engaged in intensive spiritual and sexual counseling, and had showed remorse by assuring his victims that they had been right to turn him in. Appellant also presented letters from two of his daughters asking for him to be punished but not given consecutive sentence terms. *Id*. at 15-19. In his allocution, Appellant apologized to his community and children. *Id*. at 19.

The court took a 20-minute recess to consider sentence. Upon its return to the bench, it listed the information on which it based its sentencing decision: the statutory penalties, sentencing guidelines, PSI which included Appellant's history, arguments of counsel, and the victims' letters. It also

stated that it considered Appellant's rehabilitative needs, as well as the need for deterrence and protection of the community. The court reviewed Appellant's history, including his mental health and alcohol and drug use. N.T. 3/21/2023 – Sentencing, 19-22. Turning to Appellant's show of remorse, the court stated:

> I have no doubt that you are extremely remorseful for your conduct, and that will be fashioned into the sentence that you receive. You entered a guilty plea. You didn't put your daughters through testifying at trial. Everything I have read about your current situation is that you are remorseful for your conduct. I have no doubt that your daughters care for you, the ones I received the letters from. I have no doubt they are supportive of you. That being said, I can"t overlook the conduct here. The conduct here is absolutely abhorrent. It is a failure of the most basic parental duty, which is to do no harm to your children. … Accordingly, I do believe a sentence of incarceration is warranted, as a lesser sentence would depreciate the seriousness of the conduct.

*Id*. at 23.

The court then imposed the following standard guideline range terms to run concurrently, except for the three noted to run consecutively:

> Counts 1 and 2: 7 to 20 years' imprisonment on each with Count 2 to run consecutively to Count 1, for rape of a child; Victim 1 and Victim 3.
>
> Count 3: 1 to 10 years' imprisonment for statutory sexual assault; Victim 3.
>
> Counts 4, 5 and 6: 4 to 10 years' imprisonment for aggravated indecent assault of a child; Victim 1, Victim 2 and Victim 3.
>
> Count 7: 6 to 20 years' imprisonment for unlawful contact with a minor; Victim 1.

Count 8: 6-and-one-half to 20 years' imprisonment for unlawful contact with a minor; Victim 2. Count 8 to run consecutively to Count 2.

Count 9: 4 to 10 years' imprisonment for unlawful contact with a minor; Victim 3

Counts 10 and 11: 1 to 10 years' imprisonment for incest of a minor; Victim 1 and Victim 3.

Counts 15 and 16: 2 to 10 years' imprisonment for aggravated indecent assault of a child under 16 years of age; Victim 2 and Victim 4.

Counts 17, 18, 19, 20: one to five years' imprisonment for corruption of a minor through offenses in Chapter 31; Victim 1, Victim 2, Victim 3, and Victim 4.

Counts 21, 22, and 23: 6 months to 5 years' imprisonment for indecent assault of a minor under 13 years of age; Victim 1, Victim 2 and Victim 3.

Count 24: 6 months to 5 years' imprisonment for indecent assault of a minor under 13 years of age; Victim 4. Count 24 to run consecutively to Count 8.

Counts 25 and 26: 3 months to 2 years' imprisonment for indecent assault of a child under 16 years of age; Victim 2 and Victim 3.

Count 27: one to five years' imprisonment for unlawful contact with a minor when committing offenses enumerated in Chapter 31; Victim 4.

N.T. 3/21/2023 – Sentencing, 24-18; Criminal Complaint, Trial Court Record 32-34. The three counts of aggravated indecent assault of a child under 13 years of age, graded as felonies of the second degree, counts 12, 13, and 14, merged into count, 4, 5, and 6 of aggravated indecent assault of a child, graded as felonies of the first degree, for Victims 1, 2 and 3. N.T. 3/21/2023

– Sentencing, 7-8, 27. The court also ordered restitution of $4,924. *Id*. at 28.[2] The aggregate term of sentence was 21 to 65 years' imprisonment.

On March 28, 2023, Appellant filed a timely post sentence motion in which he asserted that the "court's aggregate sentence of twenty-one (21) to sixty-five (65) years' incarceration was unreasonable, and so manifestly excessive as to constitute an abuse of discretion." Appellant's Post-Sentence Motion, 2. He also alleged the aggregate term was not "necessary" and not consistent with the need to protect the public or the gravity of the offense committed. *Id*. at 3. Appellant further alleged that the victims, his daughters, were upset that their wishes were not acknowledged. *Id*. at 4. The court denied the motion by order dated March 29, 2023. Appellant filed a timely appeal.

The single issue before this Court, is as follows:

Was the imposition of four consecutive sentences, for an aggregate sentence of 21 to 65 years incarceration manifestly excessive under the circumstances, and an abuse of the court's discretion?

Appellant's Brief, 9. It is substantially similar to the issue raised in Appellant's Rule 1925(b) Statement. *See* Trial Court Record, 326.

---

[2] Appellant was not eligible for RRRI, motivational boot camp program, state drug treatment court program, short sentence parole program, or reentry services program. Having been deemed SVP, he was subject to registration requirements and the court provided due notice and explanation. N.T. 3/21/2023 – Sentencing, 28-30.

A "court has discretion to impose sentences consecutively or concurrently." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010). Therefore, Appellant's claim that the aggregate sentence imposed was "manifestly excessive" is a challenge to the discretionary aspects of his sentence:

> Challenges to the discretionary aspects of sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. **Id.** An appellant must satisfy all four requirements. **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013).

**Commonwealth v. Miller**, 275 A.3d 530, 534 (Pa. Super. 2022), **appeal denied**, 302 A.2d 626 (Pa. 2023).

Appellant satisfied the first three requirements. Thus, we turn to the Rule 2119(f) statement included in his brief to discern whether a substantial question is raised.

We determine whether there is a substantial question on a case-by-case basis. **Commonwealth v. Crawford**, 257 A.3d 75, 78 (Pa. Super. 2021). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question

exists." *Id.* at 78-79 (*quoting* **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018)) (brackets omitted). A substantial question is presented where:

> … an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

**Commonwealth v. Mastromarino**, 2 A.3d 581, 585–586 (Pa. Super. 2010) (*quoting* **Commonwealth v. Bullock**, 948 A.2d 818, 826 n.6 (Pa. Super. 2008)) (citation omitted).

In his Rule 2119(f) Statement Appellant "claims that the trial court's cumulative sentence of 21 to 65 years' incarceration was clearly unreasonable, and so manifestly excessive as to constitute an abuse of discretion." Appellant's Brief, 14. He also argues that "the sentence was unreasonable given [Appellant's] circumstances, and his potential for rehabilitation;" and specifies that his age, steady work history, voluntary participation in intensive counseling, his remorse, and the support of his children/victims "were not adequately considered" by the court. *Id*. at 15.

Appellant is challenging only the aggregate term imposed, which is made up of four of the 23 separate sentence terms having been ordered to run consecutively. His excessiveness claim is premised on an argument that the trial court imposed consecutive sentences and failed to consider his

mitigating circumstances, such as his age and show of remorse. An assertion of excessiveness based on the imposition of consecutive sentences generally does not raise a substantial question for review. *See, e.g., Commonwealth v. Ahmad*, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances." *Moury*, 992 A.2d at 171. The "key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Mastromarino*, 2 A.3d at 587; *see also Moury*, 992 A.2d at 171–172 (only an "unduly harsh" aggregate term "considering the nature of the crimes," would raise a substantial question). An aggregate term of 21 to 65 years' incarceration for a series of sexual assaults conducted over nine years on four young children is neither "grossly disparate" to Appellant's conduct nor does it "viscerally appear as patently unreasonable." *See Mastromarino*, 2 A.3d at 589.

We do not find persuasive Appellant's citation of *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013), to raise a substantial question. *See* Appellant's Brief, 14. Notably, in *Dodge*, this Court cautioned that a defendant would not raise a substantial question "where the facts of the case do not warrant the conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved." *Id.* at 1271.

In **Dodge**, a substantial question was raised because the aggregate sentence minimum of over 40 years was created by running more than 40 sentence terms for relatively minor property crimes consecutively. **Id**. at 1266-67.[3] This case is far different. Appellant inflicted sexual abuse over nine-years on his four young daughters, pleaded guilty to a total of 27 charges and only four of the 24 counts on which a term of sentence was imposed were run consecutively; one for each of his victims. On its face, the aggregate sentence is proportional, not excessive. We believe the factors here are far more like **Commonwealth v. Radecki**, 180 A.3d 441 (Pa. Super. 2018), in which this Court ruled that the appellant had failed to state a substantial question where

_____

[3] Appellant's reliance on three other cases in support of finding a substantial question is similarly misplaced. **See** Appellant's Brief, 14-15. Only one of the three even addressed whether there was a substantial question to review. All, however, involved the the imposition of consecutive terms where there were far more terms for far less egregious conduct that took place over less time and had fewer victims than here. **See Commonwealth v. Bauer**, 604 A.2d 1098, 1100-01 (Pa. Super. 1992) (substantial question raised where court imposed 11 consecutive terms for offenses arising from the sale of "marijuana, LSD, and then cocaine to an undercover police officer" over a 7-month period amounting to an aggregate of 27½ to 55 years), **rev'd**, 618 A.2d 396 (Pa. 1993); **Commonwealth v. Simpson**, 510 A.2d 760, 762 (Pa. Super. 1986) (without discussing whether a substantial question was presented, ruled that imposing consecutive sentence terms for each of 6 robberies of the same 2 stores over a period of 5 months aggregating to 30 to 60 years' imprisonment was an abuse of discretion); **Commonwealth v. Parrish**, 490 A.2d 905, 907 (Pa. Super. 1985) (without discussing whether a substantial question was presented, ruled that an aggregate sentence for 3 DUI related offenses arising from a single criminal incident was an abuse of discretion where it was far beyond that suggested by the guidelines for DUI and identical to the mandatory sentence for a four-time offender). Appellant's additional cases lend support our conclusion that he failed to forward a substantial question for review.

the trial court ordered twelve sentences to be served consecutively, each of which had minimum term for 12 months or less – for an aggregate minimum term of over 11 years' incarceration – because Radecki had "used his position of trust and authority as a psychiatrist to exploit vulnerable, opioid-addicted young women, whose addictions he nursed, for his own sexual gratification." *Id*. at 470. Accordingly, Appellant has not stated a substantial question for review of his aggregate term.

Appellant also argues that his aggregate term raises a substantial question in light of mitigating factors. Appellant's Brief, 15. "This court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review" *Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007) (citation omitted); *see also Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013); *Commonwealth v. Cruz–Centeno*, 668 A.2d 536, 545 (1995).[4] Although this particular inadequacy for a substantial question may have been eroded where an appellant challenges the imposition of an individual sentence term as excessive, it still carries great weight where the discretionary sentencing claim is premised on the imposition of consecutive

---

[4] We have reaffirmed this proposition in a recent memorandum decision, cited for persuasive weight only, that held the appellant failed to raise a substantial question concerning the imposition of consecutive sentence terms by merely asserting the court had failed to consider mitigating circumstances. *See Commonwealth v. Negron-Martinez*, 399 EDA 2022, 2023 WL 332825, *3 (Pa. Super.), *appeal denied*, 302 A.3d 628 (Pa. 2023)

terms. *See Radecki*, 180 A.3d at 469. Thus, in *Eline*, we concluded that an appellant's argument that "the trial court failed to give adequate consideration to [his] poor health and advanced age" in fashioning his sentence, which consisted of ten consecutive terms, did not raise a substantial question. *Eline*, 940 A.2d at 435. Here, Appellant is middle-aged and in "good overall health," N.T. 3/21/2023 – Sentencing, 20-22, thus these mitigating factors carry no weight in establishing the existence of a substantial question at all.

In the alternative, even if we were to reach the merits of Appellant's sentencing claim, we also find that the trial court did not abuse its discretion. Our standard of review of the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting other cases).

Additionally, our review of the discretionary aspects of a sentence is confined by statutory mandate. *Johnson*, 125 A.3d at 826-827. More specifically, here, we may only vacate and remand for resentencing if the sentencing court's application of guideline sentence terms was "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). "[I]t is clear that the General Assembly intended the concept of unreasonableness [for the purposes of

Section 9781(c)] to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Commonwealth v. Walls**, 926 A.2d 957, 963 (Pa. 2007).

In deciding whether a sentencing court imposed a sentence that was clearly unreasonable, we are to be guided by the considerations listed in 42 Pa.C.S. § 9781(d) – nature and circumstances of the offense and history and characteristics of the defendant; opportunity of sentencing court to observe the defendant, including any presentence investigation; findings upon which the sentence was based; and sentencing guidelines – and whether the trial court properly considered the sentencing factors outlined in 42 Pa.C.S. § 9721(b) – protection of the public, gravity of the offense with respect to victim and community, and rehabilitative needs of the defendant. **Walls**, 926 A.2d at 964; **Commonwealth v. Velez**, 273 A.3d 6, 12 (Pa. Super.), **appeal denied**, 283 A.3d 792 (Pa. 2022).

We cannot say that the sentencing court abused its discretion by imposing an aggregate term of 21 to 65 years' imprisonment. Appellant admitted to a nine-year course of conduct during which he serially sexually abused four of his daughters starting when they were much younger than 13 years of age and stopping only after they reached puberty. The aggregate sentence is far less than the maximum he faced. He entered guilty pleas to 27 total counts covering 11 different offenses, for which he was sentenced separately on 24 counts. Of those 24, the court imposed only four consecutive terms, one for each of the four victims. Although each of Counts 1, 2 and 8

were graded as felonies of the first degree, and so represented the highest graded offenses for each of Victims 1, 2 and 3. For Victim 4, the court ran a misdemeanor offense consecutively, even though there were two separate counts of a felony of the third degree with respect Victim 4, counts 20 and 27, that were run concurrently. Significantly, the minimum aggregate term was less than half the maximum aggregate term, by more than 11 years. The court plainly was not sentencing Appellant to the maximum but to a significant but proportional sentence for significant crimes against four young children.

Appellant argues that his sentence was "unreasonable" (though not "clearly unreasonable" as required by 42 Pa.C.S. § 9781(c)(2) to be entitled to relief) with respect to several mitigating factors that were argued before the sentencing court: "age, his steady work history, his voluntary participation in counseling, including intensive counseling, his remorse, his taking responsibility for his actions, and the support of his children who requested a lesser sentence." *See* Appellant's Brief, 21. Our review of the record shows that the sentencing court was aware of each of these factors and weighed them against countervailing considerations. N.T. 3/21/2023 – Sentencing, 19-23. The court's stated consideration of the various factors is sufficient to show that it weighed them. *See Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006); *Commonwealth v. Griffin*, 804 A.2d 1, 9-10 (Pa. Super. 2002). Thus, Appellant has not persuaded us that the court abused its discretion by imposing consecutive terms. "Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court

- 14 -

discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005); ***see also Commonwealth v. Graham***, 661 A.2d 1367, 1373 (Pa. 1995).[5]

Here, the court had the benefit of a PSI as well as additional material about Appellant, and so the law "views the sentence as appropriate under the Sentencing Code." ***Moury***, 992 A.2d at 171; ***see also Marts***, 889 A.2d at 615. When there is a PSI, we can "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth. v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

In imposing sentence, the court is required to consider the circumstances of the offense and the character of the defendant. It did so here, and explained how it viewed the evidence before it for each category. As quoted above, the court clearly believed Appellant felt significant remorse for his crimes and that at least two of his victim/daughters supported him, but that did not outweigh the psychological and physical damage he had caused.

_____

[5] Appellant also argues, albeit in conclusory fashion, that the aggregate term was "manifestly excessive," but offers no argument in support of how the aggregate term was "clearly unreasonable." ***See*** Appellant's Brief, 20 (citing the identical cases he cited for a substantial question for the identical propositions). Similarly, he asserts it would be an abuse of discretion if the aggregate sentence were "unduly harsh considering the nature of the crimes and length of imprisonment," ***see*** Appellant's Brief at 21, but without explaining how his sentence did not reflect the serious nature of his serial sexual abuse of four young children.

N.T. 3/21/23 – Sentencing, 23. The weight the court gave Appellant's nine-year course of conduct was not "clearly unreasonable."

Essentially, Appellant asks us to reweigh the relevant evidence and provide greater weight to his difficult circumstances and remorse than to the effects of his serial crimes against young children. That request is beyond our purview. **Commonwealth v. Bricker**, 41 A.3d 872, 876 (Pa. Super. 2012) ("The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors") (citation omitted). This Court will not reweigh "the significance placed on each factor by the sentencing judge." **Commonwealth v. Williams**, 69 A.3d 735, 742 (Pa. Super. 2013). **See also Walls**, 926 A.2d at 966-967 (holding that it was erroneous for this Court to "usurp[…] the sentencing court's discretion" where that court made an individualized sentencing decision).

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 05/23/2024